THE PRESIDENT AND TRUSTEES OF THE TOWN OF MOUNT VER-
NON *v.* DUSOUCHETT and Another.

If a person knows there is an obstruction in a street, and he attempts to pass the place, when, in consequence of the darkness of the night, or of the rise of water over the street, he cannot see the obstruction, he has no reason to complain of the injury he may sustain on the occasion.    He takes the risk on himself.

It does not follow that, because a person receives a special damage by riding against a public nuisance in a street, he can maintain a suit for the injury, even against the person who put the nuisance there.

The declaration in a suit for such damage must show that there was no fault on the plaintiff's part.

*Monday,*
*June 2.*

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—This was an action on the case brought by *F.* and *O. Dusouchett* against the *President and Trustees of Mount Vernon.*    The declaration contains three counts. To the first count there was a plea of not guilty.    The second and third counts were demurred to.    The issue on the plea to the first count was tried and found for the defendants; the demurrer to the second count was sustained; and the demurrer to the third count was overruled.    The damages were assessed as to the third count, and there was final judgment for the plaintiffs accordingly.

The third count states that, on, &c., the defendants, by an act of incorporation, had jurisdiction of the streets of the town of *Mount Vernon;* that the plaintiffs owned a wharf-boat lying on the *Ohio* river above low-water mark and below high-water mark, on *Store* street of said town;

that the defendants wrongfully permitted a large construction of iron, called a steam-boiler, to remain in said *Store* street above low-water mark and below high-water mark, though the plaintiffs had given them notice to remove the same; that the *Ohio* river afterwards rose over said boiler and put it out of view, but the defendants put no buoy or mark to denote the place of the boiler; that whilst said boat was on said *Store* street (the street being covered with water) the river fell with unusual rapidity in the night time, and the boat, the plaintiffs being ignorant of the location of the boiler, and having taken due care to avoid the same, settled down upon the boiler, and became injured, &c.

May Term, 1851.

THE PRESI-
DENT AND
TRUSTEES, &c.
v.
DUSOUCHETT.

We do not think this third count is sustainable. It alleges that the plaintiffs had given the defendants notice to remove the boiler. That is virtually alleging that the plaintiffs knew the situation of the boiler before the rise of the river. It is true that the count also states that the plaintiffs, after the rise of the river, were ignorant of the location of the boiler, and that they took due care to avoid it. Taking all the allegations together into consideration, and considering also that if there is any incongruity between them the construction must be taken most strongly against the pleader, the count must be viewed as showing that the plaintiffs had sufficient knowledge of the place of the boiler to enable them to avoid exposing their boat to any danger from it. With that knowledge, the plaintiffs took the boat over that part of the street where the boiler lay, and kept the boat there in the night time until, on account of the fall of the water, the boat settled down upon the boiler.

Those facts show that the plaintiffs have no cause of action. If a person knows there is an obstruction in a street, and he attempts to pass the place when, in consequence of the darkness of night, or of the rise of water over the street, he cannot see the obstruction, he has no reason to complain of the injury he may receive on the occasion. He takes the risk, in such case, upon himself. *Farnum* v. *The Town of Concord*, 2 New Hamp. 392.

May Term,
1851.

It does not follow that, because a person receives a special damage by riding against a public nuisance in a street, he can maintain a suit for the injury, even against the person who put the nuisance there. The declaration in a suit for such damage must show that there was no fault on the plaintiff's part.

We are, therefore, of opinion that the demurrer to the third count should have been sustained.

*Per Curiam.*—The judgment is reversed, and the assessment of damages set aside with costs. Cause remanded, with instructions to sustain the demurrer to the third count. Costs here.

*J. Pitcher* and *G S. Green*, for the plaintiffs.

*A. P. Hovey*, for the defendants.