Nov. Term,
1859.

HAYWORTH
v.
THE JUNC-
TION RAIL-
ROAD CO.

Upon the authority of the case cited, the judgment must be reversed.

The judgment is reversed with costs.    Cause remanded, &c.

*A. Ellison,* for the appellants.

(1) *Ante,* 58.

<hr>

## HAYWORTH *v.* THE JUNCTION RAILROAD COMPANY.

Suit upon a subscription of stock to be paid in labor and materials within two years from the first election of directors; otherwise, payable in cash. The first paragraph of the complaint alleged neglect and refusal to perform labor, &c., for two years, &c.; that more than three years had elapsed, &c., whereby, and by reason of such refusal, the amount subscribed had become due in cash. General denial, and special paragraphs averring that the subscription was made under the original charter of the company, and afterwards the company consolidated with another company, and that defendant had never assented to the consolidation. General reply that defendant, before suit, had assented, &c. Demurrer overruled. The second paragraph of the complaint was admitted to be good.

*Held,* 1. That the demurrer reached back to the complaint, as a whole, and as the complaint contained a good paragraph, the demurrer was properly overruled.

2. That the first paragraph of the complaint was good after verdict, as under its averments a demand for the labor, &c., might be proved, if, indeed, such proof was at all necessary.

3. A verdict against the defendant in such case for the amount subscribed, in cash, is fully supported by proof that he assented to the consolidation, and made payments upon his subscription subsequently thereto, and that he had refused to perform the labor, &c. The written subscription proved itself.

Where the charter under which a subscription was made provided that subscriptions should be collected without relief, &c., and suit is brought upon the subscription, after a consolidation with another company, judgment is properly rendered without relief, &c.

*Wednesday,*
*December 7.*

APPEAL from the *Union* Circuit Court.

PERKINS, J.—Suit upon two several subscriptions of stock in the *Junction Railroad Company*, the terms of which were as follows:

Nov. Term, 1859.

HAYWORTH
v.
THE JUNC-
TION RAIL-
ROAD CO.

" We, whose names are hereto subscribed, do each agree to take the number of shares set opposite our names, of the capital stock of the *Junction Railroad Company*, at 50 dollars for each share, to be paid in labor or materials, to be applied to the construction of the road, under the direction of the directors and upon the estimates of the engineer, within two years from the first election of directors. A failure to perform the work or deliver the materials, as above specified, shall render this a cash subscription, and the amount subscribed shall be paid on the same terms as stock subscribed to be paid in money.

| Names. | No. shares. | Amount. |
|---|---|---|
| *Laban Hayworth.* | 5 | $250. |

" We, whose names are hereunto subscribed, do each agree to take the number of shares set opposite to our names of the capital stock of the *Junction Railroad Company*, chartered by the legislature of *Indiana*, at 50 dollars for each share, to be paid in cash to the treasurer of said company, at such times and in such sums as the board of directors of said company shall require. Provided, that not more than 20 dollars shall be required on each share the first year, nor more than 20 dollars on each share the second year—the whole amounts to be paid within three years from the first of *August*, 1852.

| Names. | No. shares. | Amount. |
|---|---|---|
| *Laban Hayworth.* | 1 | $50." |

There are two paragraphs in the complaint, one upon each of the subscriptions.

The first alleges that the defendant, for the two years next succeeding the election of directors, wholly neglected and refused to perform the labor and furnish the materials, and that more than three years had elapsed since said election, whereby, and by reason of the refusal to perform the work, &c., said amount subscribed had become due in cash.

The paragraph upon the second subscription is admitted to be valid; no question arises upon it, and it will not be set out.

The defendant answered by the general denial, and sev-

Nov. Term,
1859.

HAYWORTH
v.
THE JUNC-
TION RAIL-
ROAD CO.

eral special paragraphs setting forth that the subscriptions of stock sued on were to the *Junction Railroad Company*, under its original charter, for a road between certain points; that afterwards said *Junction*, and a certain other railroad company consolidated, under the provisions of the Revised Statutes, in such case made and provided, for the purpose of extending the road of the *Junction* company to *Indianapolis* (the *Junction Railroad Company* being retained as the name of the consolidated company), and that he, the defendant, had never assented to the consolidation.

General reply, that the defendant, before the commencement of this suit, had assented to the consolidation.

Demurrer to the reply overruled, and exception taken.

The defendant contends that the demurrer to the reply reached back to the complaint; that the first paragraph of that, is bad for failing to aver a demand of the work, &c., mentioned therein; and that the demurrer should have been sustained as applicable to it.

The demurrer reached back to the complaint as a whole, and, as it contained one good paragraph, a demurrer to it as a whole was necessarily overruled. And the first paragraph, it may be remarked, is good after verdict, as under its averments a demand might properly be proved, if, indeed, such proof was necessary.

There was a trial of the issues of fact by the Court; judgment for the plaintiffs for 350 dollars, to be collected without relief, &c.

It is urged that the judgment is not supported by proof.

The evidence is clear that the defendant assented to the consolidation and merger into one, of the two railroad companies named in the answer. He even made a payment on his subscription after he knew of the consolidation. The written subscription proved itself, and it appears that he had refused to perform the work mentioned in it. Perhaps he was bound to show an offer to perform and furnish.

It is contended that the judgment is for too much. The amount of the subscriptions was 300 dollars; 20 dol-

lars were paid, leaving 280 dollars. The Court allowed about four years' interest. We cannot say that this was erroneous. The payments of stock would draw interest after refusal to pay as they became due.

It is objected that the judgment is to be collected without relief, &c.; but the charter under which the subscription was made, provided that all subscriptions under it should be thus collected; and the consolidated company collected the sums subscribed according to the terms of the original subscription.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. S. Reid* and *J. F. Gardner*, for the appellant.

*J. C. McIntosh*, for the appellees.