May Term,
1860.

HALDERMAN
v.
BIRDSALL.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.

*J. Baker*, for the appellee.

(1) *Ante*, 185.

---

### HALDERMAN *v.* BIRDSALL and Another.

The error assigned in this case was, that the Court rendered judgment for the appellees on a demand not due when the suit was brought. No exception was taken to any ruling upon the pleading, the admission of evidence, or instructions to the jury. There was one good count in the complaint. *Held*, that there was no error.

Where the complaint contains one good count, and the verdict is general, the Supreme Court will sustain it.

Monday,
June 4.

APPEAL from the *Jefferson* Circuit Court.

WORDEN, J.—Action by the appellees against the appellant. Judgment for the plaintiffs below.

The only error assigned is, that judgment was rendered for the appellees when it should have been rendered for the appellant, and "there is error in this that said Court rendered judgment in favor of said appellees on a demand not then due or due at the time of suit brought."

There was no exception taken to any ruling of the Court on the pleadings, or the admission of evidence, or instructions to the jury, nor is the evidence set out. Hence the question sought to be raised by the assignment of errors is not presented by the record, unless the objection thus made requires an examination of the complaint, to ascertain whether it "states facts sufficient to constitute a cause of action." Acts of 1855, p. 60. But this would not avail the appellant. Without deciding that the assignment of errors would reach such defect in the com-

plaint, either with or without a motion in arrest of judgment in the Court below, none having been made in that Court, we are of opinion that the complaint is sufficient to sustain the judgment.

The complaint contains five paragraphs, four of which are for the recovery of the value of certain goods. The goods were, in part, alleged to have been sold by the plaintiffs to the defendant on a credit that had not expired at the time the suit was brought, fraud being alleged in the purchase of them. We need not decide whether these counts contain facts sufficient, &c., as there was another paragraph for money had and received by the defendant for the use of the plaintiffs, for more than the amount recovered, and to this count the objection does not apply. This count, at least, contains a good cause of action for more than the amount recovered, and the verdict being a general one, we cannot say that it was not found upon this count.

As the judgment will have to be affirmed for the reason indicated, we have not thought it necessary to examine carefully the validity of the other paragraphs, or to express any opinion upon them.

*Per Curiam.*—The judgment is affirmed with 2 per cent. damages and costs.

*M. G. Bright*, for the appellant.

*T. T. Crittenden* and *H. W. Harrington*, for the appellees.