*J. H. Brown*, for appellees.

---

THE MICHIGAN SOUTHERN AND NORTHERN INDIANA RAILROAD COMPANY *v.* LANTZ.

NEGLIGENCE.—PLEADING.—In a complaint for an injury to the person, there must be an express averment that the plaintiff was without fault, or it must clearly appear, from the facts alleged, that such was the case.

SAME.—Where a complaint for an injury to the person by a railroad alleged that the injury resulted from a broken rail, which the company had carelessly left unrepaired for a long time, whereby the car in which the plaintiff was being carried as a passenger was thrown from the track, and the plaintiff thereby injured, &c., it was held good, without an express averment that the plaintiff was without fault, &c.

APPEAL from the *Noble* Common Pleas.

GREGORY, C. J.—Suit by the appellee against the railroad company for "an injury to the person." The case was tried in the court below on an issue formed by the general denial. Verdict for the plaintiff; motion in arrest of judgment overruled; and this is the alleged error for which a reversal of the judgment is sought.

It is averred in the complaint that the defendant owned and was operating a railroad passing through *Noble* county,

and received the plaintiff as a passenger for hire; that it was the duty of the defendant to keep its road in good repair, and to use proper care that the plaintiff was safely carried, &c.; yet the defendant did not keep its road in good repair, but carelessly permitted a broken and defective rail, resting on a rotten and defective cross-tie, to remain for a long time in a dangerous and unsafe condition, by means whereof the train of cars on which the plaintiff was being carried was thrown off the track and precipitated down an embankment, by means whereof the plaintiff was injured.

It is claimed that the complaint is defective for not alleging that the injury occurred without the fault or negligence of the plaintiff. In *The Evansville and Crawfordsville Railroad Co.* v. *Dexter*, 24 Ind. 411, this court held that "the averment must be either expressly made in the complaint that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged, that such must have been the case."

In view of form No. 14, "for injury to the person," (2 G. & H. 377) we could not hold that an express averment of the kind is necessary, but we think that the statutory form shows that the injury complained of was the result solely of "the carelessness of the driver in the service of the defendant." In the case at bar, the averments of the complaint show that the appellee was injured solely by the carelessness of the appellant in failing to repair its road track.

The judgment is affirmed, with costs:

*J. B.* and *W. Niles*, for appellant.

*W. H. Coombs* and *W. H. H. Miller*, for appellee.