## FORD *v.* BOOKER ET AL.

ASSIGNMENT OF ERROR.—*Sufficiency of Complaint.—Amendment of Statute.—* The act of February 25th, 1875 (Acts 1875, Reg. Sess. 111) to amend section 54 of the code, being an amendment of a section which had already been amended, is void; and an objection to the sufficiency of a complaint may be taken for the first time by assignment of error on appeal to the Supreme Court.

PROMISSORY NOTE.—*Pleading.—Notice to Indorser.—*A complaint upon a promissory note against an indorser, which shows that by the statute of the state in which it was payable it was negotiable as an inland bill of exchange according to the law merchant, but does not allege notice of dishonor to the indorser, is bad on demurrer.

From the Allen Criminal Circuit Court.

*J. Morris* and *W. H. Withers,* for appellant.

*W. H. Coombs, W. H. H. Miller* and *R. C. Bell,* for appellees.

BIDDLE, J.—The complaint of the appellees sets out four several promissory notes, made by L. A. Pond, payable to the appellant, at the First National Bank, Chattanooga, Tenn., and endorsed by him to the appellees, and avers that such notes, by the statute of Tennessee, are negotiable in the same manner as inland bills of exchange by the custom of merchants, setting forth the statute. The complaint contains no allegation of protest of the notes, nor of notice to the endorser. Answer, denial; trial by the court; finding for the appellees against the appellant as endorser; judgment and appeal. A question was raised on the evidence below, but for want of a bill of exceptions, setting it out, it is not presented here. The sufficiency of the complaint was questioned by a motion in arrest of judgment below, and is also here, by an assignment of error. But it is argued by the appellees that the motion in arrest was made after judgment was rendered. It does not appear so by the statement in the record. We do not decide this point, however, as the insufficiency of the complaint is assigned for error in this court. In answer to this assignment, the appellees cite the

amendment of section 54 of the practice act, Acts 1875, Reg. Sess. 111, which enacts that unless such objections to a complaint are taken either by demurrer or answer, they shall be deemed as waived; but this amendment, being an amendment of a section · which had already been amended, was held void. Buskirk Prac. 172, and cases there cited. It is, therefore, proper to object to the sufficiency of the complaint for the first time in this court, by an assignment of error. 2 R. S. 1876, 59, sec. 54.

The complaint, having shown that the notes were negotiable as inland bills of exchange by the statute of Tennessee, is insufficient for not averring notice to the appellant as endorser. In support of this rule of the law merchant, established throughout the world, no authorities need to be .cited.

The judgment is reversed, with costs; cause remanded for further proceedings, etc.