Mitchell *et al. v.* Robinson.

. No. 8013.

## MITCHELL ET AL. *v.* ROBINSON.

NEGLIGENCE.—*Pleading.—Contributory Fault.*—A complaint alleging that a defective boiler, while the plaintiff was in the discharge of his duty near it, in the employ of the defendants as a common laborer, without any fault of the plaintiff, and only by reason of its defectiveness and insecurity, exploded and injured the plaintiff, sufficiently shows that plaintiff was free from contributory negligence, in an action to recover for injuries sustained by such explosion.

SAME.—*Master and Servant.—Fellow-Servant.— General Superintendent.—Principal and Agent.—Mills and Machinery.*—If the master be not present, and conducts a business by a superintendent, who employs and discharges the laborers and employes, such superintendent is not a fellow-servant, but represents the master. The owner of mills and machinery, which men are employed to operate, owes duties to the employes which he can not escape by absenting himself and committing the entire charge to an agent. Such agent, in respect to the duty of providing safe machinery, represents the master.

PRACTICE.—*Interrogatories to Jury.—Answer of No Proof.*—If, in fact, there was no evidence, the jury may properly answer to an interrogatory, "No evidence offered on the subject."

From the Floyd Circuit Court.

*A. Dowling, D. W. Lafollette* and *W. W. Tuley,* for appellants.

*J. H. Stotsenburg, D. C. Anthony* and *J. V. Kelso,* for appellee.

WOODS, J.—The appellee recovered judgment against the appellants for personal injuries caused by the explosion of a steam boiler. The gist of the action was the alleged carelessness of appellants in using or permitting the use in their business of the defective boiler. The appellants saved exceptions to the overruling of their demurrers to the several paragraphs of the complaint, for want of facts, and now insist that each paragraph fails to show that the injury to the plaintiff occurred without fault on his part.

The first paragraph of the complaint charges, in this respect, that the defendants owned and were operating certain

steam engines and other machinery in the prosecution of their
business of slaughtering hogs; that at the time in question
the plaintiff was in their employ, in the vicinity of the boilers
connected with said machinery; that while the plaintiff was
near the same, in the proper discharge of his duty, under his
said employment, one of the boilers, connected with the en-
gine and machinery aforesaid, without any fault of the plain-
tiff, and only by reason of the unsafeness, defectiveness and
insecurity thereof, exploded, whereby large quantities of steam
and water escaped therefrom and fell upon the plaintiff, by
reason of which the plaintiff was greatly injured, etc.

· The second paragraph differs from the first only in the omis-
sion of the averment that the plaintiff was at the time of the
accident in the employment of the defendants, and the substi-
tution therefor of an allegation that he had been in the de-
fendants' service and had returned to the premises at the
request of the agent of the defendants with the view to further
employment.

The third paragraph contains the same averments as the
first, except as to the plaintiff's employment; it is stated that
he had been employed by the defendants as a common laborer
for some time previous, and that at the date of the accident
he was upon the premises seeking employment.

Counsel for the appellant insist that the averment, that
the boiler exploded without fault of the appellee, is not equiva-
lent to an allegation that the injuries complained of befell
him without fault on his part. Conceding the accuracy of
this statement and that the rule of pleading is as claimed, we
think it sufficiently appears from the allegations of each par-
agraph, that the plaintiff was free from any fault which con-
tributed to his injury. He was lawfully and without fault at
the place where he was injured; the explosion occurred with-
out his fault; and from these facts, considered in connection
with the other facts stated, it is certain to a common intent
that he was free from any fault which contributed to his in-
jury. The demurrers were, therefore, properly overruled.

*The President, etc.,* v. *Dusouchett,* 2 Ind. 586 ; *Evansville, etc., R. R. Co.* v. *Dexter,* 24 Ind. 411 ; *Michigan, etc., R. R. Co.* v. *Lantz,* 29 Ind. 528 ; *Riest* v. *City of Goshen,* 42 Ind. 339 ; *Scudder* v. *Crossan,* 43 Ind. 343.

To one of the special interrogatories propounded by the appellant, the jury answered : " No proof offered on the subject." If in fact there was no evidence, and it is not claimed or pointed out in the briefs that there was any, it was not improper that the jury should return such an answer. *Maxwell* v. *Boyne,* 36 Ind. 120.

It is further insisted that the verdict is not sustained by sufficient evidence, because the injury resulted from the carelessness of a fellow-servant of the appellee engaged in the same employment.

The evidence may be said to have shown that the appellants, who resided in Kentucky, had formed a partnership for the purpose of buying and slaughtering hogs in New Albany, Indiana, in the premises where the appellee was hurt, one of the appellants being the owner of the premises. At the time of the accident, they were engaged in preparations for commencing the business. The defendants were not personally present, and had no notice of the defective condition of the boiler. They had employed one Jones as a general superintendent of their proposed business, and in that capacity he was present, superintending the said preparations, and had engaged the appellee to come and go to work as a common laborer on the day when he was injured. He came accordingly, in the morning, and was preparing to go to work, but Jones had not yet arrived, when the explosion took place. Some days before, Jones had been notified by one who had been employed to clean the boiler and had been in it for that purpose, that the boiler was unsafe ; that there was a crack in the head of it more than a foot long.

In support of their claim that Jones and the appellee were fellow-servants, and that the appellee can have no recourse upon the master for an injury caused by the negligence of

Jones to notify the master of the defective condition of the boiler, the following cases are cited : *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174; *Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 562; *Hayden* v. *Smithville Manufg. Co.,* 29 Conn. 548; *Roberts* v. *Smith,* 2 Hurlst. & N. 213; *Wigmore* v. *Jay,* 5 Exch. 354; *Keegan* v. *Western R. R. Co.,* 8 N. Y. 175; *Ormond* v. *Holland,* Ellis, B. & E. 102.

The case does not, as we conceive, come within the principle contended for, as applicable to fellow-servants engaged in the same employment, but rather within the rule that a general agent employed to represent the master in his absence, and charged with the duties which it would be incumbent on the master to perform, if he were present, is not a mere fellow-servant, whose negligence can impose no liability upon the master, to an injured subordinate. The owner of mills or machinery, which men are employed to operate, owes duties to the employes which he can not escape by absenting himself and committing the entire charge to an agent. This view is fully supported by the case of *Corcoran* v. *Holbrook,* 59 N. Y. 517, where it is shown that the individual who does act by an agent, as well as a corporation which can act in no other way, is reponsible for the neglect of the general agent so employed. To the same effect are *Gormly* v. *Vulcan Iron Works,* 61 Mo. 492; *Shanny* v. *Androscoggin Mills,* 66 Me. 420; *Cumberland, etc., R. R. Co.* v. *State,* 44 Md. 283; *Cumberland, etc., R. R. Co.* v. *State,* 45 Md. 229 ; *Brabbits* v. *Chicago, etc., R. W. Co.,* 38 Wis. 289 ; Sherman & Redf. Neg., sec. 102; Wharton Neg., sec. 222. This is in harmony with the cases wherein it is held that notice to an agent of a corporation, relating to any matter of which he has the management and control, is notice to the corporation. *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294; *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261; *Malone* v. *Hathaway,* 64 N. Y. 5; *Murphy* v. *Smith,* 19 C. B. N. S. 361.

Indeed, the true ground of liability, as shown in the pleadings and the evidence, is the failure of the defendants to fur-

nish safe machinery. Their general agent or superintendent represented them in respect to this duty; his knowledge was their knowledge, and so they must, on plain principles, be held responsible for the result.

Under the circumstances shown in this case, we can not say that the jury were not warranted in finding that Jones was the general agent of the defendants, charged with the duty of representing them in all respects material to be here considered, and that his negligence was imputable to them. As against two of the appellants, the proof is slight; but yet enough to have warranted the submission of it to the jury, and, therefore, enough to support their verdict against interference by this court on appeal.

The judgment is affirmed, with costs.

HOWK, J., did not participate in the consideration of this case.

Petition for a rehearing overruled.