No. 9484.

## THE CITY OF BLOOMINGTON *v.* ROGERS ET AL.

NEGLIGENCE.— *City.— Obstruction in Street.— Complaint.*—A complaint against a city for an injury resulting from an obstruction placed in a street, which upset the plaintiff's carriage, etc., averring due care and no fault on the part of the driver, sufficiently negatives contributory negligence, without a further averment that the driver was not aware of the obstruction.

SAME.—*Evidence.—Damages.*—Where the complaint alleges, among other things, that the plaintiff's horse became frightened by reason of the premises, and ran away, injuring himself and the carriage to the amount of $100, evidence showing injury to the horse is admissible.

From the Monroe Circuit Court.

*H. C. Duncan* and *W. C. L. Taylor,* for appellant.

*J. R. East* and *W. H. East,* for appellees.

FRANKLIN, C.—This is an action brought by appellees against appellant for injuries arising from driving a horse attached to a buggy so as to run the buggy over an obstruction placed in the street by appellant.

A demurrer was filed and overruled to the complaint; appellant answered in four paragraphs; a demurrer was sustained to the second and fourth paragraphs; reply in denial to the third; trial by the court; finding for appellees $33; a motion for a new trial was overruled, and judgment rendered upon the finding.

Appellant has assigned the following alleged errors:

1st. Overruling the demurrer to the complaint.

2d. Sustaining the demurrer to the second and fourth paragraphs of the answer.

3d. Overruling the motion for a new trial.

The only objection made by appellant to the complaint is, that it does not aver that the driver of the horse was ignorant of the obstruction in the street. The complaint avers that he drove with due care, and without any fault on his part, and that the injury occurred by the negligence of appellant in putting the obstruction there, and permitting it to remain.

This is sufficient to negative contributory negligence, unless the facts averred show contributory negligence, which we think they do not show in this case.

There was no error in overruling the demurrer to the complaint.

Appellant, in its brief, points out no objection to the ruling of the court upon the demurrer to the second and fourth paragraphs of the answer. We perceive none, and this specification of error may be considered as waived.

The reasons for a new trial are, that the finding is not sustained by sufficient evidence, is contrary to law, the damages are excessive, and that the court erred in admitting testimony in relation to the damages to appellees' horse.

The testimony tends to support the finding of the court, and this court will not attempt to disturb it by weighing the evidence.

It is insisted that, under the allegations in the complaint, testimony in relation to any injury to the horse is inadmissible.

The complaint avers: " That said horse was then and there driven in a quiet and careful manner, and in the darkness which then prevailed, and without any fault of said driver or the plaintiffs, and while carefully driving over said Fourth street, the wheels of said buggy on one side passed over one of the said piles of dirt, which caused the buggy to upset and throw said driver from his seat, and broke said buggy, and greatly damaged the same, and also caused the said horse to become frightened, and to run at great speed, and injuring

himself and buggy, and damaging himself and buggy to the amount of one hundred dollars."

Under these averments in the complaint, we think there was no error in admitting testimony in relation to the injury to the horse.

There was no error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.