Louisville, New Albany and Chicago Railway Company v. Lockridge.

No. 11,128.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. LOCKRIDGE.

APPEAL.—*Change of Venue.*—*Transcript.*—Where there was an appearance in the court below, and no objection to its jurisdiction, a motion to dismiss the appeal because the record does not contain a transcript of the proceedings of the court in which the cause was begun, and from which the venue was changed, will be denied.

SAME.—*Void Judgment.*—An appeal lies from a void judgment.

NEGLIGENCE. —*Complaint.*—A complaint for negligence, which does not show the absence of negligence by the plaintiff contributing to the injury, is bad on demurrer.

| | |
|---|---|
| 93 | 191 |
| 132 | 14 |
| 133 | 403 |
| 93 | 191 |
| 142 | 349 |
| 93 | 191 |
| 147 | 458 |
| 98 | 191 |
| 155 | 425 |
| 156 | 269 |

From the Clay Circuit Court.

*D. R. Eckels, P. O. Colliver* and *G. W. Friedley,* for appellant.

*S. F. Lockridge, J. Crow, D. E. Williamson* and *A. Daggy,* for appellee.

ZOLLARS, J.—The complaint by appellee consists of three paragraphs. A demurrer to each for want of sufficient facts was overruled; appellant excepted, and on this appeal assigns the ruling as error. No point is made here except upon the insufficiency of the second and third paragraphs of the complaint.

The case seems to have been commenced in the Putnam Circuit Court, and on change of venue taken to the Clay Circuit Court, where a trial was had, which resulted in a verdict and judgment for appellee upon the whole complaint. Appellee moves to dismiss the appeal, because of the insufficiency of appellant's brief, and because the record does not contain the transcript from the Putnam Circuit Court, showing the change of venue. Appellant's brief is evidently not the result of much thought or labor, but is not so wholly lacking as to justify a dismissal of the appeal. It is inferable from the record that the change of venue was procured by appellee. It is stated therein that appellee's attorneys filed

the transcript in the trial court, and that it is not on file. The record contains the complaint, which seem to have been filed in the Putnam Circuit Court. Both parties appeared in the Clay Circuit Court, and proceeded with the case to final judgment, and until this appeal without objection. We think that it is too late now for appellee to make the objection. *Cox* v. *Pruitt,* 25 Ind. 90; *Smith* v. *Jeffries,* 25 Ind. 376; *Hamrick* v. *Danville, etc., Gravel Road Co.,* 32 Ind. 347.

A concession that the judgment is void, because the trial court was without jurisdiction, could be of no avail to appellee in support of his motion to dismiss the appeal. Such a concession might overthrow his judgment, but would not justify a dismissal of the appeal. There may be an appeal from a void judgment. *Shoemaker* v. *Board, etc.,* 36 Ind. 175.

The second and third paragraphs of the complaint charge appellant with negligence in originating and allowing fire to escape from its right of way, whereby appellee's fences, grass, etc., were destroyed. We agree with all appellee says in regard to the sufficiency of these paragraphs so far as they charge negligence upon the railroad company; but in both of them there is a total failure to show, by positive averment, or by a statement of facts, that the loss to appellee was without contributory fault or negligence on his part. It is the settled law, at least in this State, that where negligence is the issue, it must be a case of unmixed negligence; and that this must be made to appear by the complaint. This may be by an averment that the plaintiff was without fault or negligence contributing to the loss or injury, or by such a statement of facts as shows that he was thus without fault. In a recent case before this court the cases were reviewed, and the doctrine here stated re-announced. *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322. See, also, *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185, and cases cited; *Toledo, etc., R. W. Co.* v. *Thomas,* 18 Ind. 215; *Michigan, etc., R. R. Co.* v. *Lantz,* 29 Ind. 528; *Indianapolis, etc., R. R. Co.* v. *Wright,* 13 Ind. 213; Pierce Railroads, 434, 435, and cases

cited. The author says: " The plaintiff can not recover for property negligently burned by the company, if his own negligence contributed to the injury. Thus, he can not recover where, having knowledge of the fire, he failed to use reasonable efforts to save his property from it."

Mr. Wharton thus states the rule: " Where the plaintiff or his family or servants was in a position to have prevented damage from the fire, and made no effort to do so, plaintiff can not recover from the company whose engines caused the fire. And so when he neglected to remove or to protect goods for whose loss he afterwards claimed damages." Whart. Neg., section 877.

It will be seen from the cases cited by these authors, that the doctrine here held has been many times announced by the courts of other States.

It is insisted by appellee's counsel that the judgment should not be reversed, because the case was fairly tried upon its merits. We have no way of knowing this; neither the evidence nor instructions are in the record. If a presumption is to be indulged, it should be that the case went to the jury, and that the verdict and judgment were rendered upon the theory of the complaint, without reference to contributory negligence, if any, on the part of appellee.

It is apparent from the record that the verdict and judgment are based, at least in part, upon the bad paragraphs of the complaint. *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18.

Judgment reversed, with costs.

Filed Feb. 12, 1884.