No. 11,475.

STEVENS v. THE LAFAYETTE AND CONCORD GRAVEL.ROAD COMPANY.

NEGLIGENCE.—*Pleading.*—A complaint by a turnpike company against an adjoining land-owner for negligently constructing his fence across a stream, so that it obstructed the water, etc., whereby plaintiff's bridge was destroyed, which fails to negative contributory negligence by the plaintiff, is bad on demurrer.

SAME.—*Evidence.*—It is error in such case, where the general denial is pleaded, to refuse evidence for the defendant showing that his fence was built in the best manner to avoid injury to the bridge; but evidence that he offered to repair or reconstruct the bridge is not admissible.

From the Tippecanoe Circuit Court.

*F. B. Everett,* for appellant.

*G. O. Behm* and *A. O. Behm,* for appellee.

BICKNELL, C. C.—The appellee alleged in its complaint that it had a bridge across a small stream; that the bridge was built on stone and brick abutments; that the defendant owned the lands and fences along the east line of the appellant's gravel road and across said stream; that the defendant, in November, 1880, "placed barbed wire strands on and along the fence over said stream, in such a careless and negligent manner that the same obstructed the usual flow of water arising from freshets, and damned the same up to a great height, so that the fence was torn down and gave way, and the sudden flow of the great quantity of water, thus damned up, rushed with great force and violence against the abutments of said bridge, and washed and tore the same away, and utterly destroyed said bridge, to the damage of the plaintiff of $500," and that the plaintiff was thereby deprived of the right to take tolls on said road for four months, while said bridge was in course of repair. Wherefore, etc.

The defendant demurred to the complaint for want of facts sufficient. The court overruled the demurrer. The defendant answered by a general denial and a special defence. A

motion by the plaintiff to strike out the special defence was sustained. The issue was tried by the court, who found for the plaintiff, with $195 damages.

The defendant's motion for a new trial was overruled, and judgment was rendered on the finding. The defendant appealed. The errors assigned are:

1. In overruling the demurrer to the complaint.
2. In sustaining the motion to strike out the special defence.
3. In overruling the motion for a new trial.

There was no error in striking out the special defence, because its material averments were all capable of proof under the general denial. *Boyce* v. *Graham*, 91 Ind. 420. But the demurrer to the complaint ought to have been sustained.

The complaint seeks to recover damages for negligence. The allegation is that the defendant " placed barbed wire strands along his fence in such a negligent and careless manner that," etc., and there is no allegation that the injury was sustained without the fault of the plaintiff, and there are no facts averred from which it may be inferred that the plaintiff was without fault. Such allegations in such cases were not formerly required ; they are not found in the precedents in Chitty's Pleading. But ever since the case of *President, etc.,* v. *Dusouchett,* 2 Ind. 586, it has been invariably held in Indiana, that a complaint, seeking damages for negligence, must show that no fault of the plaintiff contributed to the injury. See the cases cited in *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322; *Mitchell* v. *Robinson,* 80 Ind. 281 (41 Am. R. 812); *City of Bloomington* v. *Rogers,* 83 Ind. 261; *Town of Rushville* v. *Poe,* 85 Ind. 83; *Indiana, etc., Co.* v. *Millican,* 87 Ind. 87; *Gheens* v. *Golden,* 90 Ind. 427; *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191; *Board, etc.,* v. *Legg,* 93 Ind. 523 (47 Am. R. 390).

Ordinarily, where a judgment is to be reversed for error in overruling a demurrer to a complaint, it is not necessary to consider reasons alleged for a new trial, but as the questions, presented in this case by the fourth and fifth reasons for a new

trial, will probably again arise if the complaint be amended, we will decide them now.

The fourth reason is, that the court erred in refusing " to permit the .defendant to prove and give in evidence that the act complained of in plaintiff's complaint was not negligent, but on the contrary was done in the best and most prudent way." We think the court erred in this ruling. As the complaint averred negligence, the defendant had a right to show, under the general denial, that there was no negligence.

The fifth reason is, that the court refused to permit the defendant to prove and give in evidence an offer by him to repair the injury and make the culvert as good as it was before the act complained of. We think there was no error in this ruling. The evidence thus rejected was offered "for the purpose of showing the fact and knowledge on the part of the plaintiff of the fact that the bridge or culvert, referred to in. the complaint, was, before the act of defendant complained of, of insufficient capacity to carry off the water ,in heavy rains and of little value to the plaintiff on account of its insufficiency in size and its faulty condition." But an offer, by the alleged wrong-doer, to repair the injury, has no tendency to show such facts, it rather tends to show a supposed liability. The other reasons for a new trial present no question, because the evidence is not in the record.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to sustain the demurrer to the complaint.

Filed Dec. 17, 1884.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellee now contends that the allegation of negligence made in its complaint was mere surplusage and amounted to nothing, and that, therefore, an

averment of want of contributory fault was not required. But, without the allegation of negligence, the complaint would have been clearly bad.

If my neighbor puts a common rail fence across a stream on the line of his land, and a great flood comes, which, at first, is resisted by the fence, but afterwards carries the fence away, and flows upon my land below, and washes away my fence, I have no cause of action for that damage. A man has a right to thus fence in his own land. Such a case falls within the maxim, *"Actus Dei nemini facit injuriam."*

There is no difference in this respect between a barbed wire fence and common rail fence. If, however, a man builds his fence so negligently and carelessly, that by reason of such negligence and want of care his neighbor is injured, a cause of action may arise for the negligence, the negligence will then be the material averment, and the Indiana rule will be equally applicable whether the injured party be a natural person or a corporation.

The claim of the appellee in this petition is substantially that, whenever a man's barbed wire fence is washed away by a flood, he is liable for the damage done by the flood to his neighbor below. Such a proposition can not be sustained.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition is overruled.

