Filed March 15, 1893.

---

No. 825.

EVANSVILLE & TERRE HAUTE RAILROAD COMPANY v. WEIKLE.

PLEADING. — *Contributory Negligence.*—An averment in a complaint for damages for personal injuries, that the injuries sustained by the plaintiff were caused by the negligence of the defendant, and without any fault on the part of plaintiff, sufficiently negatives the existence of contributory negligence on the part of the plaintiff.

APPELLATE COURT.—*Practice in.*—*Conflict Between General and Special Verdicts.*—A general verdict will not be overthrown by special findings unless there is such an irreconcilable conflict between them that both can not stand. On appeal every reasonable presumption will be indulged in favor of the correctness of the general verdict.

SAME.—*Weight of Evidence.*—The Appellate Court will not weigh the evidence, where it is conflicting, and reverse the judgment upon the preponderance.

SAME.—*Excessive Damages.*—A judgment will not be reversed on the ground that the damages assessed are excessive, unless they appear so outrageously large as to induce the belief that the jury must have been actuated by prejudice, partiality or corruption in their assessment.

Evansville & Terre Haute Railroad Company v. Weikle.

SAME.—*Instructions.*—Instructions can only be made a part of the record on appeal by order of court or by incorporating them in a proper bill of exceptions.

Appeal from the Daviess Circuit Court.

*J. E. Iglehart, E. Taylor, C. G. Gardner, S. H. Taylor* and *W. R. Gardiner,* for appellant.

*W. A. Cullop, C. B. Kessinger* and *J. S. Pritchett,* for appellee.

Ross, J.—This action was brought by the appellee against the appellant to recover damages for injuries received while on appellant's depot platform, at Sullivan, Indiana, waiting to take passage on one of its passenger trains to be transported to the city of Vincennes. The complaint is in two paragraphs, to each of which demurrers were filed and overruled. The appellant answered by general denial. The case was tried by a jury, and a general verdict returned in favor of the appellee. The jury also answered, and returned with their verdict, numerous interrogatories submitted to them at the request of the appellant. The appellant moved for a judgment in its favor, on the answers to the interrogatories, notwithstanding the general verdict, which was overruled, and a motion for a new trial was interposed and overruled, whereupon the court entered judgment in favor of the appellee on the general verdict.

Counsel for appellant contend that the court below erred in overruling the demurrers to each paragragh of the complaint, insisting that the appellee failed to allege, in either paragraph, that he did not contribute to the injury alleged to have been sustained by him by reason of the negligence of appellant's servants.

The rule of pleading in cases of this character is, where the plaintiff seeks to hold the defendant liable for injuries sustainéd by reason of the defendant's negligence, to make a good complaint, in addition to averments, that the defendant was negligent, and that such negligence was the

cause of his injury, he must aver that he himself was not guilty of any negligence which contributed to the injury. *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322; *Cincinnati, etc., R. R. Co.* v. *Peters*, 80 Ind. 168; *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191; *Stevens* v. *Lafayette, etc., Gravel Road Co.*, 99 Ind. 392; *Louisville, etc., R. W. Co.* v. *Schmidt*, 106 Ind. 73.

There is a general averment in each paragraph of this complaint that the injuries sustained by appellee were caused by the negligence of appellant, and without any *fault* on the part of appellee. The contention, however, of appellant is, that the allegation that appellee was injured without *fault* on his part is not equivalent to an allegation of freedom from negligence contributing to the injury; that the words *fault* and *negligence* are not synonymous. This contention we think untenable. Although the words *fault* and *negligence* are not, strictly speaking, synonymous, yet we regard them as having substantially the same meaning when used in the sense used in a pleading of this character. Courts and text-writers generally use the word fault in the sense in which it is used by the pleader in this case. *Ohio, etc., R. W. Co.* v. *Hawkins*, 1 Ind. App. 213; *Chicago, etc., R. R. Co.* v. *Barnes*, 2 Ind. App. 213; *Rogers* v. *Overton*, 87 Ind. 410; *Cincinnati, etc., R. W. Co.* v. *Gaines*, 104 Ind. 526; *Hammond & Co.* v. *Schweitzer*, 112 Ind. 246; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

In this particular, we think the complaint sufficient. No other question as to the sufficiency of either paragraph having been raised, we think the court did not err in overruling the demurrers to each paragraph thereof.

It is also contended by appellant that the court "erred in overruling appellant's motion for judgment in its favor upon the special findings of the jury, notwithstanding the general verdict."

It seems hardly necessary to repeat that this court indulges every reasonable presumption in favor of the correctness of the general verdict, and that special findings of fact override the general verdict only when so inconsistent that both can not stand. When a fact found by a jury, in answer to an interrogatory, is such that the fact so found being true, the general verdict is wrong, the fact specially found controls the general verdict. But when facts are found specially in answer to interrogatories, which, although apparently inconsistent with the general verdict, they will not overthrow it except they exclude every reasonable conclusion that would authorize a recovery by the party in whose. favor the general verdict has been returned. *Hoffman* v. *Toll,* 2 Ind. App. 287; *Gaar, Scott & Co.* v. *Rose,* 3 Ind. App. 269; *Clark* v. *Crawfordsville Coffin Co.,* 125 Ind. 277; *Ohio, etc., R. W. Co.,* v. *Trowbridge,* 126 Ind. 391.

It is not found, in answer to any of the many interrogatories submitted to the jury, that the truck, which was struck by appellant's train, causing the injury complained of, was in dangerous proximity to the track. It is found that the appellee knew the truck was standing on the platform, and that he could have seen where it stood with reference to the railroad track if he had looked. Unless the jury had found that it was standing in a position where it was liable to be struck, it made no difference whether appellee saw it or not. The answers to the interrogatories do not disclose what came in contact with the truck causing it to upset, resulting in the injury to appellee. Under this state of facts, it is not difficult, in this case, to reconcile the facts specially found, and the general verdict.

The evidence in this case has been carefully read, and we think it sufficient to sustain the verdict. This court will not weigh the evidence, where it is conflicting, and determine which party has the preponderance. That is the province of the jury trying the cause, and its decision,

when sustained by the court below, is conclusive upon this court. But where there is no evidence upon an issue necessary to sustain a verdict, this court will examine the evidence and determine whether or not there is such want of evidence. Where there is no evidence to sustain a verdict, a judgment rendered thereon will be reversed.

Appellant complains that the damages are excessive, and asks a reversal for that reason. The question of the assessment of damages in a case of this kind is one largely within the discretion of the jury. True, the damages are simply compensatory, yet it is for the jury to determine, from the evidence, what amount is a just and reasonable compensation, not alone for the time lost by reason of the injuries up to the time of trial, but for the suffering and pain endured, as well as the permanency of the injury, and its effect upon his ability to labor thereafter. A judgment will not, ordinarily, be reversed on account of the amount of the damages assessed, unless they appear so outrageously large as to induce the belief that the jury, in their assessment, must have been actuated by prejudice, partiality, or corruption.

Appellant's counsel earnestly insist that the court erred in giving certain instructions at the request of appellee, and in refusing to give instructions asked to be given by it. The appellee, however, contends that the instructions are not in the record and can not be considered. In this contention we concur. The instructions are copied into the record, but are not properly a part of it, because not made such in the manner provided by the statute. There are two ways by which instructions may be made a part of the record:

*First.* By the court indorsing on the margin of each instruction, " given and excepted to," or "refused and excepted to," as the case may be, which indorsement must be dated and signed by the judge at the time, and such instructions must then be filed with the clerk as a part of

the papers in the cause, and the record must affirmatively show such filing.

*Second.* By incorporating them in a proper bill of exceptions. *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Baldwin* v. *Shill*, 3 Ind. App. 291; *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100; *Louisville, etc., R. W. Co.* v. *Wright*, 115 Ind. 378; *Van Sicke* v. *Belknap*, 129 Ind. 558.

Neither of these modes has been followed in this case. We find no error in the record.

Judgment affirmed.

Filed March 15, 1893.