THE CITY OF GUTHRIE v. NIX, HALSELL & COMPANY.

1. STATUTES—*Indiana Code—Construction.*    Under the code of civil procedure adopted from the state of Indiana, and in force in this territory under the Statutes of 1890, the rules of interpretation and construction applied to that code by the supreme court of Indiana prior to its adoption here, when recognized by it as settled rules of interpretation and construction, will be applied by this court, and under this ruling a plaintiff seeking damages for negligence must affirmatively allege in his complaint that he did not contribute to the injury complained of, by any negligence of his own.

2. SAME—*Pleadings—Questioned for First Time.*    Under the code of civil procedure adopted from the state of Indiana, and in force in this territory under the Statutes of 1890, if a material averment be omitted from the complaint, the complaint may be questioned for the first time by an assignment of error in the supreme court, upon the ground that it does not state facts sufficient to constitute a cause of action, although the objection may not have been raised by demurrer in the court below.

3. SAME—*Defect Cured by Verdict, When.*    Under the code of civil procedure here interpreted, when an averment material to the cause of action has been imperfectly or defectively stated in the pleadings, but yet so that proof may be admitted under such averment, the defect will be cured by verdict, but the total omission of a material averment will not be cured by verdict.

*Error from the District Court of Logan County.*

*B. T. Hainer* and *Morgan, Pancoast & Baker*, for plaintiff in error.

*Wisby & Hornor*, for defendants in error.

The opinion of the court was delivered by

McATEE, J.:    The petition in this case, filed by the defendants in error, plaintiffs below, alleges that they were carrying on the wholesale grocery business as partners in the city of Guthrie in June, 1892, and prior thereto, in a building, including its basement, on lot 23, in block 49, of that city; that the basement was

accessible from above by a stair-way leading from the sidewalk in front of the building, and that the building and sidewalk are on the grade of Oklahoma avenue, as it had been established by that city; that they had at that time a large amount of goods and merchandise of great value stored in the basement; that prior to the bringing to grade of Oklahoma avenue of that city, the land lying adjacent to block 49, on which the building was situated, drained naturally in a southerly direction, by reason of the slope and fall of the ground toward the south; that the rain and surface water which fell and found its way to, in and about the locality of said block 49, found its way by a natural flow into a swale or draw which then intersected said Oklahoma avenue, near where lot 23 is located, and then by way of said swale or draw to the south; that in the year 1891 the city of Guthrie, by its street commissioners and other officers and agents, brought Oklahoma avenue to grade; that in bringing the avenue to grade the swale or draw was filled at the point where the avenue crosses the same to a height of about eight feet, so as to form a dam or obstruction across the swale sufficient to shut off and prevent the natural flow of water down the draw; that in order to provide a way of egress for the water that would accumulate behind said embankment or culvert, a drain was constructed therein, which was entirely inadequate to carry off the water of usual hard rains, and that after such rains, water accumulated behind the embankment, and that there was no adequate means provided for the water to pass off; that in bringing the avenue to grade, the grading was so done as to throw the rain which might fall or might otherwise find its way into said street, into shallow gutters at the sides thereof; that the grading of the avenue was such, at and near said lot 23, as to cause the water for eight blocks on the east and three blocks on

the west thereof, to flow by gravitation to a common point on said avenue; that is, to where the said swale or draw formerly intersected said avenue, the intersection of Oklahoma avenue and Vine street; that by reason of the collection of a large amount of water, and the drainage of a large space of ground, and the inadequate arrangement of culverts and sewers, the water of common and usual hard rains was caused to rise and stand around, over and above the said swale or opening, and to flow and set back therefrom, so that at the time mentioned in the petition and at the time of a usual hard rain, the water rose and flowed back over Oklahoma avenue, so as to flood the street and overflow the sidewalk in front of said lot 23, which sidewalk had been built in a substantial and workmanlike manner upon the grade established by the defendant city, and that the water overflowed the sidewalk, fell and flowed down the stairway aforesaid, and ran thence into the basement of the plaintiffs' premises, and soaked and saturated their goods to the damage of plaintiffs in the sum of one thousand dollars. The petition alleged that the injury and damage was caused by the wrongful and unlawful acts of the city, and by the negligence, carelessness, unskillfulness of the city, its officers and agents, in interfering with the natural condition of the land about the premises described, so as to produce a flow and accumulation of water at the place mentioned, without providing adequate means to carry it off and away.

The complaint did not contain any averment that the plaintiffs were themselves without fault, or that they did not, by their own act, contribute to the injury. The defendant did not demur to the complaint, but answered by a general denial, and by an averment that. long prior to the time of the acts complained of in plaintiffs' petition, and when the build-

ing was constructed, which the plaintiffs occupied as tenants, that it was so negligently and unskillfully constructed, that the whole space of the street in front of the building was used as a sidewalk, without authority from the city of Guthrie, and that the sidewalk had been excavated to the full depth of the basement of the building, which was nine or ten feet below the grade of Oklahoma avenue, and below the surface of the adjoining property, and that it was by reason of this wrongful excavation, in front of the building and under the sidewalk, which caused the water to flow into the basement of the building occupied by the plaintiffs, that the loss complained of was caused, and that the loss complained of in the petition, if any, was not by reason of the negligent and unskillful manner in which the sewer was constructed; that during the time plaintiffs occupied the building they had full knowledge of the excavation, under the sidewalk, in front of the building, and that the excavation and drains were wrongfully and negligently allowed to remain in that condition. To this answer the plaintiffs filed a reply, containing a general denial. The case was tried by a jury, and a verdict returned in favor of the plaintiffs, in the sum of five hundred dollars. Motion for a new trial was made, and overruled by the court below.

Various assignments of error are made by the plaintiff in error, one of which alleged that the court erred in overruling plaintiff in error's demurrer to the petition of defendant in error, for the reason that the same did not state facts sufficient to constitute a cause of action, which was duly excepted to, and now assigned as error.

While it does not appear from the record that the plaintiffs in error, before answering or otherwise than by this assignment of error, objected to the petition for insufficiency, we consider this as a sufficient

assignment of error, upon the point contained therein, for the purpose of bringing the question to the attention of this court. And, under this assignment of error, it is argued by the plaintiff in error that the complaint for injury done to the property by the negligence of another, must aver that the plaintiff was, himself, without fault.

The Code of Civil Procedure contained in the Statutes of 1890, was in force at the time the cause of action accrued in this case, and at the time suit was brought. This code was adopted from the state of Indiana, and the settled rules of interpretation and construction applied to it by the supreme court of that state, are adopted and applied as the proper rules of interpretation and construction in the courts of this territory.

It has been there held, by a long line of decisions, extending from the case of *President, Etc, of Mt. Vernon v. Dusouchett,* 2 Ind 586, down to the present time, that, in order to recover for an injury, caused by the negligence or carelessness of another, the complaint must show that the plaintiff claiming to be injured was himself guilty of no negligence which contributed to the injury.

It is not necessary, and can serve no good purpose, to discuss the correctness of the reasoning upon which this rule is founded. It is based upon the rule that the absence of contributory negligence is a part of the plaintiffs' case, and not a matter of defense. This does not seem to us to be the logical view, nor has it been the view which has been adopted in the majority of states, nor do we understand that the view now taken is that which would be applied under the code of civil procedure now in force. But it is clearly the view which has been adopted in the state of Indiana, and if so, must be accepted as the law governing the

solution in this case and will be applied accordingly.

It was said in *Stevens v. The Lafayette & Concord Gravel Road Co.* 99 Ind. p. 393, that

"The complaint seeks to recover damages for negligence. The allegation is that the defendant 'placed barbed wire strands 'along his fence in such a negligent and careless manner that,' etc., and there is no allegation that the injury was sustained without the fault of plaintiff, and there are no facts averred from which it may be inferred that the plaintiff was without fault. Such allegations in such cases were not formerly required; they are not found in the precedents in Chitty's Pleading. But ever since the case of *President, etc., v. Dusouchett*, 2 Ind., 586, it has been invariably held in Indiana, that a complainant, seeking damages for negligence, must show that no fault of the plaintiff contributed to the injury. (*Penn. Co. v. Gallentine*, 77 Ind. 322; *Mitchell v. Robinson*, 80 Ind. 281, 41 Am. R. 812; *City of Bloomington v. Rogers*, 83 Ind. 261; *Town of Rushville v. Poe*, 85 Ind. 83; *Indiana, etc. Co. v. Millican*, 87 Ind. 87; *Gheens v. Golden*, 90 Ind. 427; *Louisville, etc., R. W. Co. v. Lockridge*, 93 Ind. 191; *Board, etc. v. Legg*, 93 Ind. 523, 47 Am. R. 390.)

And it is said in *Cincinnati, Wabash and Michigan Railroad Company v. Peters*, 80 Ind. 171-172, that

" There is a more formidable objection to the paragraph. It in no way rebuts contributory negligence in the plaintiff. It nowhere alleges that he was without fault or negligence; nor do we think the facts stated sufficiently show that he was without fault or negligence. * * * And if there is no averment in the complaint of that kind, and the facts stated do not clearly show that the plaintiff was without fault or negligence, a demurrer will also be sustained to the complaint." (Citing *Evansville, etc., R. R. Co. v. Dexter*, 24 Ind., 411.)

It has been repeatedly held by the supreme court of Indiana that the complaint may be questioned for the first time by an assignment of error in the supreme court, upon the ground that it does not state facts sufficient to constitute a cause of action, although the

objection may not have been raised by demurrer in the court below. (*Heiltman v. Schnek*, 40 Ind. p. 93; *Bolster v. Catterlin*, 10 Ind. 117; *Blackledge v. Benedict*, 12 Ind. 389; *Ellis v. Miller*, 9 Ind. 210; *Hoye v. Junction R. R. Co.* 13 Ind. 348; *Halderman v. Predsley*, 14 Ind. 304; *Keastred v. Joy*, 14 Ind. 391; *Stredman v. Manville*, 33 Ind. 111; *Alford v. Baker*, 53 Ind. 395; *Towne v. Cross*, 55 Ind. 14.)

And under repeated and constant holdings of that court, as set forth in numerous cases, the fact that the plaintiff himself exercised ordinary care, and was without fault is a fact material to the recovery, which it is necessary that the plaintiff should allege in actions of this character, in order to a complete statement of his cause of action.

It is argued by the defendant in error that the defect, if one existed, was cured by the verdict. The case of *Alford v. Baker*, 53 Ind. 395, is cited in support of this proposition. But we do not consider that this contention can be sustained.

The case of *Alford v. Baker* simply sustains the general proposition that where an averment material to the cause of action has been defectively or imperfectly stated in the pleadings, but yet so that proof may be admitted of the matter so stated in the defective allegation, the defect will be cured by the verdict. It is not held in that case that the total omission of a material averment will be cured by verdict, which would be necessary to support the view here contended for.

We find the rule, as stated herein, to have been one generally adopted by the supreme court of Indiana, and while we might think it better otherwise, the rule has been so uniformly laid down and settled in that state that we cannot do otherwise than adopt it here in consonance with the rule by which we have

uniformly accepted the interpretation and construction placed upon its own code of civil procedure by the supreme court of Indiana.

But since the defect was not called to the attention of the trial court by demurrer before answer, we do not think that the case should be dismissed, and the order will be that the case be remanded with leave to the defendants in error to amend their complaint, if they see fit to do so, and make the necessary averment by which they may affirmatively allege and prove, if they can, that they did not not contribute to the cause of injury.

By the Court : It is so ordered.

Dale, C. J., not sitting; all the other Justices concurring.