In the matter of the assignment of DANIEL ELMER for the benefit of his creditors,

[Filed April 10th, 1900.]

The statute required that the assignee for the benefit of creditors should notify creditors to bring in their claims within a prescribed time or be forever barred. The notice given was to bring in such claims or else be forever barred from coming in, unless by special order of the court on an application made to it for that purpose.—*Held*, that the notice was not in conformity with the statutory requirement.

These are two appeals from orders of the Cumberland county orphans court; one, allowing David Flemming and Reginald L. Hart to file a claim against the estate of Daniel Elmer, and the other allowing Henry Levis to file a claim against the same estate.

On July 23d, 1897, Daniel Elmer made a deed of assignment to William A. Logue for the benefit of his creditors. On July 28th, 1897, upon application of the assignee, the said orphans court made an order directing the assignee to give public notice

---

Elmer's Case.

---

to all creditors of Daniel Elmer to present their claims to said assignee on or before the 24th day of October, 1897, or to be barred from coming in for a division of said estate, unless by special order of the court on an application for that purpose. This notice was duly given.

On October 23d, 1897, Flemming and Hart filed a claim with the assignee for the sum of $6,200, with interest and costs of protest on a note of Daniel Elmer, upon which the claimants were sureties. On the same date the assignee acknowledged the receipt of said claim, but questioning whether the claimants (who were accommodation endorsers on said note, who had not paid the same) were in a position to prove their claim, and saying that it was his (the assignee's) purpose to have the time for proving claims extended by the court. Exceptions were filed to the claim by the Millville National Bank, which exceptions were allowed. The claimants, after having paid the said note, presented a petition for an order to be allowed to prove their claim, and the court, on May 9th, 1898, made an order permitting the claim to be filed.

On May 11th, 1898, the court made an order barring creditors.

From the decree of May 9th, the Millville National Bank has taken an appeal.

On June 6th, 1898, Levis applied for an order to prove a claim for $2,000 against the estate of the assignor, and the court made an order permitting him to present his claim. From this decree of the orphans court an appeal was also taken.

*Mr. Walter H. Bacon,* proctor for the appellants.

*Mr. James S. Ware,* proctor for Flemming and Hart, respondents.

*Mr. John S. Mitchell,* proctor for Henry Levis, respondent.

THE VICE-ORDINARY.

The main ground of attack upon the decrees made by the orphans court, extending the time in which the respective claimants could file their claim, is that the court had no power to make such order.

As the Assignment act stood previous to 1884 all creditors (advertisements having been given and a list of creditors having been filed by the assignee, according to the fifth section of the Assignment act) who did not present their claims within three months from the date of the assignment were barred, unless the estate prove to be sufficient to pay all debts, or such creditors could find some part of the estate not accounted for by the assignee before contribution. *Rev. Stat. of 1874 p. 15 § 20; Ellison* v. *Lindsley, 6 Stew. Eq. 258.*

In 1884 (*P. L. of 1884 p. 128*) it was enacted that a creditor could present his claim at any time before final dividend, but that such presentment did not entitle him to share in any dividend declared before the claim was presented.

In 1895 (*P. L. of 1895 p. 615*) it was enacted that the orphans court, upon application of an assignee, could fix a time, not less than four weeks from the date of the order, requiring creditors to present their claims or else be forever barred from coming in for a dividend, unless by special order of said court on an application made to it for that purpose. This act, it is perceived, recognized the power of the orphans court to make a special order, and so relieve a creditor from the bar which would otherwise arise for not filing the claim within the time originally fixed by the court.

It is to be remarked that the revised act of 1899, section 21, contains a provision for an extension of time to bring in claims.

But it is urged that during the period covering the proceeding now under review there existed no power of extension when the statutory notices were once given to creditors.

The counsel for appellants insists that the act of 1895 as well as the act of 1884 were repealed by an act passed in the following year. *P. L. of 1896 p. 177.* This act is entitled "An act to amend an act entitled 'An act to secure to creditors,'" &c., which amendatory act was approved February 15th, 1886. This act, it is said, restores the assignment statute, in respect to the matter of bar against claims, to the same condition it was previous to 1884. By the title to this act, it is perceived, it purports to amend section 5 of the amendatory act of 1886. Now, it is to be observed that the amendatory section which the

act of 1896 proposes to amend had already been amended by an act of 1894. *P. L. of 1894 p. 58.* By force of the latter act the act of 1886 had been entirely superseded. The act of 1896 therefore purported, in its title, to amend an amendment, which amendment was not an existing law at all, but which had already been superseded by another amendment as well as by the general act of 1894, which repealed it by implication. The validity of the act of 1896 is questionable, upon the ground that the title to the act was misleading. *New York, &c., Railroad Co.* v. *Township of Montclair, 2 Dick. Ch. Rep. 591.*

It is questionable also upon the ground that it purported to amend an already amended section. *Blakemore* v. *Dolan, 50 Ind. 194; Ford* v. *Booker, 53 Ind. 395.*

But assuming that the act of 1896 is in force and controls the assignment in question, I am clear that the respondent was not barred by the notice given by the assignee. The notices to the creditors were not in accordance with the requirements of the act, and the particular in which it differed from the required statutory notice was calculated to mislead creditors. The act of 1896 required that the notice should apprise the creditors that the claims must be presented within the time prescribed, or be forever barred from coming in for any dividend otherwise than hereinafter provided. The allusion in the last of the sentence is, I presume, to the provision contained in section 21 of the revised act of 1874. The notice actually given was that required by the act of 1895, which apprised creditors that they must bring in their claims within the limited period, or else be forever barred from coming in, *unless by special order of the court on an application made to it for that purpose.*

The purpose of the statutory notice was not, in my judgment, executed by the notice given.

The statute did not merely provide for a notice to creditors to bring in their claims within the statutory period, and then provide that in case the claims were not so presented they would be forever barred. The statute provided that, in addition to the notice to present claims, the creditor should be warned of the result of his failure to make his presentation within the time limited. He was to be admonished that the claim if not duly

---

Satterthwaite's Case.

---

presented would be forever barred, *i. e.*, that there could be no extension of time.

This notice did not inform the creditor that the failure to present his claim within the prescribed period would result in a perpetual and inexorable bar. It impliedly led the creditor to believe that he could apply for a special order, which would relieve him of the bar which would otherwise arise.

If it be said that the creditor was bound to know the law, the answer is that the statute provided that he should be informed of the legal effect of his failure to file his claim within time. If the notice was not the statutory notice required, then by the terms of the act of 1896, the orphans court had the power to make the orders for extension, for the statute provides that in case of failure to give the notice the orphans court may extend and fix a time for that purpose.

I will advise a decree affirming both the orders brought up.