### ILLINOIS OIL CO. v. BLOCK.

No. 17826. Opinion Filed Jan. 31, 1928.

(Syllabus.)

**Trial—Defect of Parties—Time for Objection.**

Every action must be prosecuted in the name of the real parties in interest, and where the defect of parties does not appear upon the face of the pleadings and it is not known to the defendant at the time the pleadings are made up, but is first discovered at the trial, upon discovery of such defect the matter should then be called to the attention of the trial court by proper objection.

Error from District Court, Payne County: Charles C. Smith, Judge.

Action by Oscar Block, doing business under the firm name of Block & Company, of Cushing, Okla., against the Illinois Oil Company. Judgment for plaintiff, and defendant appeals. Reversed.

Wilcox & Swank, for plaintiff in error.

John P. Hickam, for defendant in error.

PHELPS, J. Oscar Block, doing business under the name of Block & Company, filed his action in the district court of Payne county praying judgment against Illinois Oil Company for a balance claimed to be due on a contract to lay a pipe line, and from a judgment in his favor, the Illinois Oil Company prosecutes this appeal, presenting the sole question as to whether Block & Company could maintain the action after it developed upon the trial that there were two other parties interested with him in the contract, without making them parties to the action. During the trial of the cause Mr. Block was a witness in his own behalf and, in response to questions, gave the following testimony:

"Q. Who is Block & Company? A. Myself and Mr. Deardorf, he was in it. He got part of the profits of all of the work. First we were in the civil engineering business, then on this pipe line, he was in it, and Mr. Crenshaw, who had years of experience. Q. Block & Company was Crenshaw and Deardorf and yourself, at the time this contract was entered into? A. Yes, sir. * * * Q. Were they equal partners with you in the business of laying pipe lines under the name of Block & Company? A. Yes, sir. Q. And were associated with you at the time this contract was entered into? A. Yes, sir. The way Mr. Deardorf was associated with me in the engineering business before we got this pipe line contract, and we both drew a salary, and then if we had any profits on the engineering work, we would divide them up, and I would get two-thirds and he got one-third. Q. And what about Crenshaw? A. I was to give him half of the profits on the pipe line and Deardorf and I were to split up like we always did."

There was nothing in the pleadings to indicate a partnership, and when this testimony was given, counsel for plaintiff in error called the court's attention to the fact that Block was prosecuting the action in his own name without making the other people who had an interest in the subject-matter parties thereto and moved the court to dismiss the action, and the court's order overruling said motion furnishes the sole grounds for this appeal.

Sections 209 and 220, C. O. S. 1921, read as follows:

"209. Every action must be prosecuted in the name of the real party in interest, * * *"

"220. Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

Kansas has statutory provisions identical with ours, and in A., T. & S. F. Ry. Co. v. Hucklebridge, 64 Pac. 58, the Supreme Court of Kansas had before it almost the identical question presented by this appeal. In that case Hucklebridge brought suit against the railway company for damages for allowing a shipment of cattle to become infected with Texas fever while en route in the company's cars. At the trial it developed that one Nichols was jointly interested with Hucklebridge in the shipment of cattle, and in the opinion the court said:

"* * * Persons engaged in any trade, business, or adventure upon the terms of sharing the profits and losses arising therefrom are necessarily to some extent partners in that trade, business, or adventure. * * * Our conclusion, therefore, is that Nichols, being jointly interested with Hucklebridge in the very subject-matter of the suit, to wit, the losses incurred in the cattle venture, was a partner with him, and therefore a necessary party to the recovery of the partnership res."

This rule was followed by this court in St. Louis & San Francisco Ry. Co. v. Webb, 36 Okla. 235, 128 Pac. 252, where in the second paragraph of the syllabus it said:

"Where two parties have a joint interest in property, they must join in an action for injuries to such property."

An effort was made by counsel for defendant in error, on further examination of defendant, to show a state of facts taking this case out of the rule herein laid down, but, as we view it, the facts as reflected by the record clearly bring it within the rule, and this rule has been consistently followed by this court down to the present time, as reflected in Stinchcomb v. Patteson, 66 Okla. 80, 167 Pac. 619; Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443; Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 Pac. 586; Walters v. Tulsa Rig & Reel Co., 113 Okla. 293, 241 Pac. 1095.

In the light of these authorities we can reach no other conclusion than that the court erred in overruling the motion of plaintiff in error. The judgment of the trial court is, therefore, reversed, with instructions to dismiss the petition unless the court, in the exercise of its discretion, should see fit to permit the pleading to be amended.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 31 Cyc. p. 743.