## JONES v. SINCLAIR CRUDE OIL PURCHASING CO. et al.

No. 17316.     Opinion Filed Feb. 14, 1928.

Rehearing Denied April 17, 1928.

(Syllabus.)

1. **Oil and Gas—Partnership not Created by Drilling Contract.**

A contract between the owners of an oil

and gas lease, with a driller to sink a test well upon such lease in consideration of the assignment of an undivided interest in such lease to such driller does not create a partnership between such owners and driller.

## 2. Judgment Sustained.

Record examined, and held to support the judgment rendered.

## 3. Evidence—Admissibility of Entries in Books of Account.

Entries in books of account are admissible in evidence upon proof that they were made in the usual course of business of the person, firm, or corporation whose accounts are in question.

Error from District Court, Tulsa County; Luther James, Judge.

Action by Mrs. H. J. Jones against the Sinclair Crude Oil Purchasing Company; Fred Hyer, intervener. Judgment for plaintiff and intervener, and plaintiff being dissatisfied with the amount of recovery, appeals. Affirmed.

Biddison & Ladner, for plaintiff in error.

Chas. L. Yancey, Henry L. Fist, and J. B. Coppedge, for defendants in error.

RILEY, J. This action was brought by Mr. H. J. Jones, as plaintiff, against the Sinclair Crude Oil Purchasing Company, as defendant, for an accounting of the proceeds of oil runs. Fred Hyer intervened, and set up a written assignment of one-fourth of the proceeds of the oil runs in question to secure him for one-fourth of the cost of development of a certain oil and gas lease hereinafter mentioned as lease No. 1, and for drilling a well on another lease known as lease No. 2. Plaintiff by answer admitted her liability for one-fourth the cost of development of lease No. 1, and her liability for cost of drilling the well on lease No. 2, but denied the correctness of Hyer's accounts. The cause was tried to the court. The court found the defendant, Sinclair Company, had on hand the sum of $3,137.21, representing proceeds of oil runs, and that Hyer was entitled to fifteen-twenty-thirds of said sum and Mrs. Jones was entitled to the remainder, eight twenty-thirds; that the account of Hyer was reasonable, just, and correct, with two exceptions; that $35 per day was a reasonable charge for 84 days' work, whereas $40 per day had been charged; that $1.25 per foot was a reasonable and customary charge for

drilling wells to a depth of 3,466 feet, whereas $1.35 per foot had been charged.

The court found Hyer was entitled to recover from Mrs. Jones in the sum of $1,048.79, and ordered the Sinclair Company to pay said sum to him out of money belonging to Mrs. Jones, and further ordered the Sinclair Company to pay Hyer fifteen twenty-thirds of the total amount held by it, or $3,094.77, and the remainder, in the sum of $42.44, to plaintiff.

The presentation below was upon the theory that the only issue involved was the correctness of Hyer's accounts. On appeal it is contended that there was a fatal defect in the petition of intervention (it is admitted that there was no attack below upon the petition by demurrer or otherwise) in that the action is a suit at law by one mining partner against his copartner for a money judgment before accounting or dissolution of partnership. Plaintiff seeks excuse for not raising the question below upon the grounds "that it did not appear in the pleadings and was not known to the plaintiff." It seems strange to us that plaintiff would bring an action without knowing her relation and without making an effort to ascertain the liability attaching to a valuable interest in a lease acquired by her, especially when she had acquired the interest from her son, who possessed it when it became liable for intervener's interest, and consequently the mother had opportunity to know the facts before she brought her suit. City of Guthrie v. Nix, 3 Okla. 136, 41 Pac. 343.

But we conclude the petition stated a cause of action, for it alleged the interest of Hyer in the lease; that plaintiff was indebted to intervener in an amount certain; it prayed for the resulting amount to be paid from the moneys from oil runs held by defendant.

Moreover, we do not think the evidence sustains an inference that plaintiff and witnesses were mining partners; certainly the pleadings do not. They not being mining partners, there is no reason to consider the rule contended for, with its exceptions suggested, as to one mining partner suing another prior to dissolution of the partnership and accounting. Kennedy v. Beets, 105 Okla. 1, 231 Pac. 508; Barrett v. Buchannan, 95 Okla. 262, 213 Pac. 734; Lavery v. Gardner, 116 Okla. 63, 243 Pac. 216; Crittenden v. Cobb et al., 156 Fed. 535.

Under the rule in Gillespie v. Shufflin et al., 91 Okla. 72, 216 Pac. 132, it was stated:

"In order to constitute a mining partnership the parties must co-operate in developing a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits or losses."

And:

"* * * No presumption of partnership arises from co-tenancy, nor from the mere operation of a mining lease by co-tenants, but must be created by agreement."

And it was held there that intention to constitute such a partnership would not arise alone from a joint venture in drilling a well.

In Wammack v. Jones, 103 Okla. 1, 229 Pac. 159, it was held:

"A contract between the owners of an oil and gas lease, with a driller to sink a test well upon such lease in consideration of the assignment of an undivided interest in such lease to such driller, does not create a partnership between such owner and driller." Anderson v. Keystone Supply Co., 93 Okla. 224, 220 Pac. 605.

Appellant's answer to the petition of intervention stated:

"The plaintiff stands ready to pay all just accounts against her that may be found to be due by the court to the intervener."

And counsel's statements below show that an accounting solely was the issue there presented. Then the court of equity had power to state the account and render judgment accordingly. Yarwood v. Billings (Wash.) 72 Pac. 104; 1 C. J. 612.

From our examination of the evidence, we find the same amply supports the judgment rendered.

Appellant objects to the items of account allowed by the court for personal expenses of Hyer in addition to one-fourth the expenses of the development, but these expenses were alleged and proven, and we cannot say by the weight that the oral agreement between the parties did not embrace both items of expense. Objection is made to the item of a pulling machine, because it was not yet paid for by Hyer. From our view of the case, as to non-existence of the partnership, such accounts must be allowed in the absence of any evidence of existing or impending liens for such unpaid materials.

Objection is made to allowance of the item for a bunk house because it was placed across the road from the lease. The evidence shows the bunk house was for the use of the lease in question. Other expenses charged were supported by the evidence as being connected in benefits with this lease, and the judgment allowing these items must be affirmed.

Objection is made that intervener's book accounts were not properly admitted in evidence, but we hold, under section 653, C. O. S. 1921, the entries having been made in the usual course of business, the trial court did not abuse his discretion in admitting them. Clover v. Neeley, 116 Okla. 155, 243 Pac. 758; Hemisphere Oil & Gas Co. v. Oil Well Supply Co., 104 Okla. 83, 230 Pac. 245.

"Entries in books of account are admissible in evidence upon proof that they were made in the usual course of business of the person, firm, or corporation whose acts are in question."

From our review of the evidence, we are compelled to affirm the judgment of the lower court, and it is so ordered.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 40 C. J. p. 1144, §797; p. 1145, §798. (2) 4 C. J. p. 1129, §3122. (3) 22 C. J. p. 862, §1034; anno. 53 L. R. A. 526; 10 R. C. L. p. 1172; 2 R. C. L. Supp. p. 1163; 5 R. C. Supp. p. 590.