**SHEFTS SUPPLY, Inc., v. COLE et al., Ex'rs.**

No. 22739. Oct. 16, 1934.

John F. Conway, for plaintiff in error.

Massingale, Duff & Manatt, for defendants in error.

PER CURIAM. Parties will be referred to as they appeared in the trial court. Plaintiffs allege that, in March, 1929, they sold to the defendant 2,901.2 feet of 8¼-inch second-hand casing at an agreed price of $1.02½ per foot, and making a total consideration to be paid of $2,973.70; that $2,500 had been paid thereon, and sued for the balance due of $473.70. The defendant answered, in effect, admitting the allegations of the petition, but alleged that, as a part of the contract of purchase, it was represented by the plaintiff that said casing was 32 lb. casing, that is, that it weighed 32 pounds to the running foot; that defendant relied upon such representations; that practically all of such casing was 28 lbs., and some as light as 24 lbs.; that the market price of second-hand 28 lb. casing at the time was 65c per foot, and the defendant alleged that it had been damaged in the sum of $1,087.93, and prayed judgment over and against the plaintiffs for the sum of $614.23, the amount the defendant alleged it had overpaid the plaintiffs. The plaintiffs replied and denied that there was any representation or warranty as to the weight of the pipe, that the understanding was that it was an assortment of used casing and might or might not be 32 lb., and alleged that the agent of the defendant inspected the casing before the same was purchased, and took the same upon such inspection. The plaintiffs further alleged in their reply that, notwithstanding no representations were made as to the weight of the casing, as a matter of fact, the same and all thereof was 32 lb. casing. Upon the foregoing issues the case was tried to a jury, resulting in a verdict for the plaintiffs for the sum sued for. Defendant filed its motion for a new trial, and upon the same being overruled, has perfected its appeal herein.

But one proposition is discussed in the brief of the defendant as a cause for a reversal of the case, such proposition being stated as follows:

"Memoranda or records made by a third party who is in no way connected with the litigation, and not shown to have been made in regular course of business, are not admissible in evidence."

It is admitted in the testimony of both the plaintiffs and defendant that the casing in question was purchased by the plaintiffs from the receiver for the Nowata Oil Company, and that plaintiffs immediately resold same to the defendant, and that the defendant immediately removed same to a well that it was interested in. The testimony upon the question as to whether or not the casing was sold with any representation or warranty by the plaintiffs as to its weight, was conflicting, and the issue was submitted to the jury, who by their general verdict for the plaintiffs either found that there were no such representations or warranty, or found that the casing so sold did weigh 32 pounds to the foot. Defendant's witness Mr. Shefts testified that he weighed a portion of the casing, and that 934 feet of it only weighed 28 pounds to the foot; one other witness for the defendant testified that he weighed a two-foot section of the pipe, and that it weighed 55 pounds. The defendant presented as a witness a Mr. Buzzard, the drilling contractor who used the pipe in question in the well he was drilling; this witness testified that a portion of the pipe collapsed in the well, and that the cause of its collapsing was insufficient weight in the pipe; he testified on cross-examination, however, that he calipered this pipe (which is a method of measuring pipe to determine its weight), and that he found the pipe to be 32-pound casing. The plaintiffs presented four or five witnesses who testified that they were experienced in handling and measuring casing such as that in question, and each testified that he saw the pipe in question, measured it with a caliper, that it was 32 lb. casing. The plaintiffs presented the witness Cash Young, who testified that he was superintendent of production and tools for the Nowata Oil Company; that the witness in such capacity originally purchased the casing in question in this case, and that it was all 32 lb. casing. The witness further testified that he purchased all of the casing for the Nowata Oil Company, and that the company never owned any 28 lb. casing or any 8¼ casing weighing less than 32 lbs. The witness further testified that, as such employee for the Nowata Oil Company, he made and had in his possession a record of this casing in question made at the time the casing was used in the last three wells in which it was used by the Nowata Company; that such record was made by him at the time the casing was used in the wells, and that the record was true and correct, and that such record referred to the casing in question in this suit; the record is a tabulated description of certain casing; the first column under the title of "Size" has following it the figure 8¼, the second column under the title of "Weight" is followed by the figures 32 lb., the other columns are with reference to thread, kind, length of each

joint of pipe, etc.; the only part of the three exhibits which is material in this suit is the figure of 32 lbs. under the weight column, and it is the contention of the defendant that the court erred in permitting these three exhibits to be introduced in evidence and presented to the jury, for the reason there was no proof that the record was "kept in the ordinary course of business as an essential part of the system of business."

Section 653, C. O. S. 1921 (335, O. S. 1931), provides:

"Entries in books of accounts may be admitted in evidence when it is made to appear by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

The latter part of the above statute, being as follows: "Or upon proof that the same were made in the usual course of business", was added to said section in the 1910 revision thereof, and that it was intended by such addition to create an additional method of making books and records competent as evidence is apparent from the reading of the statute. This court in the following decisions has clearly held that the statute provides several methods of making records and books of account competent as evidence: Hemisphere Oil & Gas Co. v. Oil Well, Supply Co., 104 Okla. 83, 230 P. 245; Jones v. Sinclair Crude Oil Purchasing Co., 130 Okla. 183, 266 P. 439.

The authorities cited by the defendant in its brief are not in point upon the questions and statute involved herein. The defendant admits in its brief that the exhibits in question were proved to be correct by the person who made them, and that they were made at or near the time of the transaction to which they relate, but contends that the proof was insufficient in that it did not also show that the records were required to be kept in the ordinary course of business. We cannot agree with this contention; the statute clearly indicates the various methods of making the record competent as evidence; one is by proving by the person who made the entry that the record is correct and was made at or near the time of the transaction to which it relates; another is by proving the handwriting of the person who made the record, he being dead or absent

from the county; and third, upon proof that the record was made in the usual course of business. The contention of the defendant that records, books, and accounts of third persons are not competent as evidence is not sustained by the authorities cited, and we hold that where the record or entry is proved to be correct by the person who made the same, and where it was made at or near the time of the transaction to which it relates, and where the same is relevant and material to the issues involved, it is competent as evidence.

Finding no reversible error in the record, the judgment is accordingly affirmed.

The Supreme Court acknowledges the aid of Attorneys D. M. Cavaness, Frank M. Bailey, and J. D. Carmichael in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cavaness, and approved by Mr. Bailey and Mr. Carmichael, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.