## ADKINS v. GEORGE.

No. 28315.   Oct. 4, 1938.

Rehearing Denied Nov. 1, 1938.

A. L. Emery, for plaintiff in error.

Harry D. Pitchford, for defendant in error.

OSBORN, C. J. This action was instituted in the superior court of Okmulgee county by W. A. George, hereinafter referred to as plaintiff, against P. W. Adkins and P. W. Adkins, as trustee, hereinafter referred to as defendant, wherein plaintiff sought to establish and foreclose a certain lien upon an oil and gas leasehold for labor and material furnished in the drilling of a well. Issues were joined and the matter was submitted to a jury. A verdict was returned in favor of plaintiff in the sum of $191.08, and the court decreed a foreclosure of plaintiff's lien upon the leasehold estate and the equipment and improvements thereon, to satisfy the judgment.

As one ground for reversal, defendant challenges the sufficiency of the evidence to support the verdict. In this connection it is not necessary that this court weigh the evidence, but we will examine the record to determine whether the essential elements of fact have been established by competent evidence. Although there is some conflict in the evidence, plaintiff's evidence fairly establishes the following state of facts: Defendant Adkins owned an oil and gas lease and plaintiff owned a drilling machine and tools. Plaintiff and defendant entered into an agreement that plaintiff would furnish the drilling equipment to drill a well and that defendant would assign interests to various parties for the purpose of paying necessary expenses incident to drilling, and after such assignments were made plaintiff would receive an assignment of one-half of the interest remaining for the use of the drilling equipment. It was plaintiff's testimony that such agreement was carried out and that defendant drilled the well to the top of the sand; that at that time an arrangement was made whereby plaintiff should take charge of the operations, drill the well in, run the tubing and put it on the pump, and for such service was to receive wages for himself and compensation for the use of the machinery. For the use of the equipment during such period and for the services so rendered, plaintiff claimed that defendant was indebted to him in an amount in excess of the recovery herein. Said charges constitute the lien herein foreclosed. There is competent evidence to sustain the finding of the jury to the effect that the contract was entered into and that defendant, as trustee, was authorized to make such contract.

It is defendant's theory that the contract to assign a one-half interest in the well at the completion thereof, after the various other assignments had been made, constituted plaintiff a partner with defendant, and that under the provisions of section 11635, O. S. 1931, a partner is not entitled to compensation for services rendered to the partnership. It has been repeatedly held by this court that a contract between the owner of an oil and gas lease and a driller to sink a test well upon the lease in consideration of the assignment to the driller of an undivided interest in such lease, does not create a partnership between the owner and the driller. Jones

v. Sinclair Crude Oil Purchasing Co., 130 Okla. 182, 266 P. 439; H. H. Reardon Drilling Co. v. Southwest Gas U. Corp., 175 Okla. 358, 53 P.2d 573.

Various other assignments of error relating to the admissibility of evidence and instructions to the jury have been examined. There is no reversible error in the record. The elements of fact essential to plaintiff's recovery were established by competent evidence. The verdict of the jury is conclusive on this court.

The cause is affirmed.

RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.