CONLEY DRILLING CO. v. ROGERS et al.

No. 30453. Jan. 5, 1943.

*132 P. 2d 959.*

Saunders & Van Wagner, of Shawnee, for plaintiff in error.

Goode & Goode and Abernathy & Abernathy, all of Shawnee, for defendants in error.

PER CURIAM. This action was instituted by M. L. Rogers, hereinafter referred to as plaintiff, against Conley Drilling Company, hereinafter referred to as defendant, and H. N. Conley to recover a money judgment and to foreclose a materialman's lien upon an oil and gas mining leasehold estate for the development of which plaintiff had furnished certain tools and equipment which had been used in developing said leasehold estate for oil and gas mining purposes. A number of lien claimants intervened in the action, including Dowell Inc., hereinafter referred to as intervener, which by petition sought a money judgment and foreclosure of materialman's lien against the defendant and its codefendant. In the trial court defendant and codefendant filed separate answers, the answer of the defendant being a general denial, a specific denial of agency and a plea of non indebtitatus assumpsit, while the answer of its codefendant was merely a general denial. Upon the issues thus drawn, the parties waived trial by jury and tried the cause to the court. The evidence was conflicting in certain material respects. The trial court found the issues in favor of the plaintiff and the named intervener and rendered judgment in their favor against the defendant and its codefendant. Motion for new trial was overruled, and Conley Drilling Company alone appeals.

As grounds for reversal of the judgment the defendant submits the following propositions:

"1. There is a defect of party plaintiffs which was not known to the plaintiff in error until brought out in the testimony of the defendant in error M. L. Rogers, plaintiff below.

"2. That the evidence is insufficient to sustain the judgment against this plaintiff in error as to both defendants in error.

"3. That the court permitted both defendants in error to introduce incompetent and irrelevant evidence over the objections of the plaintiff in error, which was excepted to at the trial.

"4. In a case of equitable cognizance this court will examine the record, weigh the evidence and render such judgment as the trial court should have rendered."

We first consider the contention relative to the claim that plaintiff was not the real party in interest, and therefore not entitled to maintain the action which he had brought. This contention is based upon the fact that the evidence disclosed that some of the tools and equipment which plaintiff had furnished for developing the lease had been rented by him from another. Defendant urges that this made the person from whom plaintiff had rented such tools and equipment a necessary party to the maintenance of the action, and cites in support of such contention Illinois Oil Co. v. Block, 129 Okla. 122, 263 P. 650; Stinchcomb v. Patteson, 66 Okla. 80, 167 P. 619; Fehlman v. Kinnear, 85 Okla. 282, 205

P. 1091; Okmulgee Coal Co. v. Hinton, 95 Okla. 92, 218 P. 319; Helmerich & Payne v. Keeney, 178 Okla. 32, 61 P. 2d 709, and Burkett v. Lehman-Higginson Grocery Co., 8 Okla. 84, 56 P. 856. An examination of the cases thus cited will reveal that, while authority for the rule that every action must be maintained by the real party in interest, they have no application to the situation here presented. Since under the evidence the plaintiff was entitled to deal with the property which he had rented as if it were his own and was the sole person entitled to receive and collect the rentals due thereon. Under these circumstances we are of the opinion that the applicable rule is that announced in Sunshine Oil Co., Ltd., v. Chantry, 186 Okla. 49, 96 P. 2d 20, wherein we said:

"When there is competent evidence to show that the person bringing an action has the right to receive and control the fruits or benefits of the litigation, such person satisfies the requirement that actions be brought in the name of the real party in interest. Following Stinchcomb v. Patteson, 66 Okla. 80, 167 P. 619."

See, also, McCoy v. Moore, 185 Okla. 253, 91 P. 2d 87, and cases therein cited.

In support of the contention advanced under the second proposition, defendant urges that the evidence was insufficient to establish a mining partnership under the requirements announced in Wammack v. Jones, 103 Okla. 1, 229 P. 59; National Union Oil & Gas Co. v. Richard, 164 Okla. 13, 22 P. 2d 88; Carson v. Waller, 127 Okla. 186, 260 P. 72; Barrett v. Buchanan, 95 Okla. 262, 213 P. 734; Garber & Pulse v. Gloyd, 168 Okla. 88, 31 P. 2d 947; Billingsley v. Parmenter, 181 Okla. 315, 73 P. 2d 869; Gillespie v. Shufflin, 91 Okla. 72, 216 P. 132; White v. A. C. Houston Lbr. Co., 179 Okla. 89, 64 P. 2d 908; McKay v. Kelly, 130 Okla. 62, 264 P. 814; Robinson Petroleum Co. v. Black, Sivalls & Bryson, 138 Okla. 128, 280 P. 593; Murray Tool & Supply Co. v. Bridgeport Mach. Co., 164 Okla. 136, 23 P. 2d 165; Jones v. Sinclair Crude Oil Purchasing Co., 130 Okla. 182, 266 P. 439, and McAnally v. Cochran, 170 Okla. 368, 46 P. 2d 955. An examination of the cases thus cited will reveal that they are authority for the rule that before a mining partnership can exist there must be a joint interest in the property, an agreement, express or implied, to develop it and to share in the profits and losses incident to the venture and conduct showing a co-operation between the parties in the venture, and that where there is evidence which satisfies such requirements, a mining partnership may be properly inferred. See White v. A. C. Houston Lumber Co. and National Union Oil & Gas Co. v. Richards, supra. The evidence in the case at bar, while in conflict in material respects, was, in our opinion, sufficient to meet all the requirements above outlined, and hence sufficient to sustain the finding of the trial court that a mining partnership existed between the defendant and its codefendant.

Under the third proposition the defendant neglects to point out the evidence which it claims was incompetent and admitted over its objections; therefore, the contention is too indefinite to require consideration. See Harris v. Boyd, 149 Okla. 196, 299 P. 888.

Finally, it is contended that, the action being one of equitable cognizance, this court should examine and weigh the evidence and render such judgment as the trial court should have rendered. The defendant is in error in its primary statement in this connection. The action being one to recover judgment on contract for tools and equipment furnished and to foreclose a lien, and the issues being joined as to the making of the contract, either party was entitled to trial by jury as a matter of right to determine the existence of any indebtedness. See Hedlund v. Brogan, 167 Okla. 393, 30 P. 2d 164. Such an action is one of legal cognizance, and therefore one in which where a jury is waived and the cause tried to the court the judgment of the court will be given the same consideration as a verdict of a properly instructed jury and will not be disturbed where there is any competent evidence to support it. Atlantic Refining

Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758.

The record which has been brought here presents no reversible error; therefore, the judgment will be and the same is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.