COOKE v. TANKERSLEY et al.

No. 32146. Jan. 27, 1948.

*189 P. 2d 417.*

Cantrell, Carey & McCloud and Edward M. Box, all of Oklahoma City, for plaintiff in error.

Dudley, Duvall & Dudley, Looney, Watts, Fenton & Eberle, and Cruce, Satterfield & Grigsby, all of Oklahoma City, for defendants in error.

HURST, C.J. C. C. Cooke appeals from an order denying his motion for leave to intervene in cause No. 108638 in the district court of Oklahoma county.

With the motion for leave to intervene, Cooke tendered a petition in intervention in which he alleged that Tankersley Construction Company and Dan Tankersley were indebted to him on an open account and four promis-

sory notes aggregating the sum of $11,-517.64, with interest and attorney's fees thereon, and he sued for himself and all other creditors of Tankersley Construction Company and Dan Tankersley similarly situated. He alleged that a trust resulted to him and all other creditors similarly situated by reason of a contract entered into on March 2, 1942, between Earl Tankersley on the one side and Tankersley Construction Company and Dan Tankersley on the other side whereby Earl Tankersley assigned to Dan Tankersley 150 shares of stock in Tankersley Construction Company and Dan Tankersley and Tankersley Construction agreed as part of the consideration for the assignment to assume and pay all debts outstanding against Tankersley Construction Company and to save Earl Tankersley harmless from any of said indebtedness and other indebtedness referred to in the contract. He also alleged that a constructive trust arose in his favor and in favor of all other creditors similarly situated by reason of the fact that Dan Tankersley and Tankersley Construction Company, with intent to defraud plaintiff and other creditors and to avoid paying the debts so assumed, have transferred property belonging to Tankersley Construction Company for an inadequate consideration. He also alleged that the fund in dispute in cause No. 108638 accrued by reason of the use of the assets, equipment, personnel, experience and management of Tankersley Construction Company, and that he and all other creditors similarly situated have an equitable lien upon the 150 shares of stock assigned under said contract and upon all the assets of Tankersley Construction Company referable or assignable in equity thereto, and that he has a right to become a party to the accounting in cause No. 108638.

The pleadings in cause No. 108638 are in the record. That is a suit to terminate a joint venture between Tankersley Construction Company, Dan Tankersley et al. on the one side and M. E. Trapp and Trapp Associated on the other side, under which army installations were constructed resulting in a profit of more than $400,000, part of which was on deposit in the Liberty National Bank to the joint credit of Dan Tankersley and M. E. Trapp. The Liberty National Bank was made a party defendant and filed an answer admitting that it had custody of the fund. In that suit an accounting between the joint adventurers was sought, and this is the accounting which the intervener asks to become a party to.

Cooke argues that he is entitled to intervene under the provisions of 12 O. S. 1941 §§231, 236, 237, 238, and 241; that he has a right to enforce the trust in this action as a class action, citing 21 C.J. 116, 65 C. J. 864, 960, 30 C.J.S. 564, 578, 12 O. S. 1941 §233, and Hill v. Hill, 49 Okla. 424, 152 P. 1122; and that cause No. 108638 is one quasi in rem, citing 1 C.J.S. 944, 1 Am. Jur. 437, 30 Am. Jur. 214, 215, 216, 219, 39 Am. Jur. 932, 933, 20 R.C.L. 683, and 25 C.J.S. 69.

The defendants in error argue that since Cooke has no judgment, but is only a general creditor of one of the parties to the joint adventure, he has no right to intervene under the authorities he relies upon. They cite Goodrich v. Williamson, 10 Okla. 588, 63 P. 974, Marathon Oil Co. v. Western Oil & Drilling Co., 185 Okla. 53, 89 P. 2d 939, Morton v. Baker, 183 Okla. 406, 82 P. 2d 998, Swift v. Panther Oil & Gas Co., 244 Fed. 20, Franklin v. Margay Oil Corp., 194 Okla. 519, 153 P. 2d 486, Isaacs v. Jones (Cal.) 43 P. 793, and 47 C.J. 101, 105.

1. The first question is whether Cooke as a general creditor of Tankersley Construction Company had the right to intervene and take part in the accounting between the joint adventurers and assert a claim to the fund found to belong to the company. We think this question must be answered in the negative. Goodrich v. Williamson,

above; 47 C.J. 105, note 84. The company was simply a debtor of Cooke and did not hold its property in trust for Cooke and the other general creditors. Porter v. Rott, 116 Okla. 3, 243 P. 160. Cooke's interest as a general creditor in the fund in litigation was indirect and remote, and such an interest does not ordinarily entitle a party to intervene. 47 C. J. 101; 39 Am. Jur. 935. Some states have statutes authorizing intervention by parties who have an interest in the "success of either of the parties", and even in such states it is held that a general creditor's interest is too remote to allow intervention. 47 C. J. 105, note 84. Our statutes cited by Cooke, above, are not as broad as this statutory provision.

2. The next question is whether Cooke is entitled to intervene by reason of the alleged resulting trust growing out of the contract under which Earl Tankersley asigned the 150 shares of stock in Tankersley Construction Company to Dan Tankersley and the breach of the agreement to pay the creditors of the company or the alleged constructive trust arising from the fraudulent transfer of property belonging to the company. The trust is sought to be imposed upon the shares of stock so assigned and the assets of the corporation assignable or referable in equity to said shares of stock.

The rule is that the title to corporate assets is in the corporation and not in the shareholders. Therefore, no assets of a corporation are assignable or referable to a stockholder. The interest of a stockholder consists in the right to a proportionate part of the profits when dividends are declared and to a proportionate share of the assets upon dissolution of the corporation, after the debts are paid. Peoples National Bank v. Board of Com'rs of Kingfisher County, 24 Okla. 145, 103 P. 682; Fletcher Cyc. of Corp. (Perm. Ed.) §5100. It follows that Earl Tankersley, as a stockholder, had no title or direct interest in the assets of the corporation. Cooke claims only an equitable interest in the stock, and his right is not superior to the right of Earl Tankersley, as legal owner previous to the transfer. What we have just said has reference to the fund in controversy. The shares of stock are not before the court.

The statutes relied upon by Cooke do not require that he be permitted to intervene. He is not a necessary party to a complete determination of the question involved, nor does he have such an interest in the controversy adverse to the plaintiff as is referred to in section 231 and section 236. His interest in augmenting the fund allocable to the plaintiffs in the accounting is the same as that of the plaintiffs, and is not adverse to them. He has no interest in the property—the fund—as provided in section 237. Both parties apparently object to his intervention, and therefore the defendant does not seek to bring him in as provided in section 238. He does not claim property, money, effects or credits attached, as provided in section 241.

The controversy between the plaintiffs, the Tankersley group, and the defendants, the Trapp group, is real, and there is no contention by Cooke that the Tankersley group will not strive to secure as large a share of the profits from the joint adventure as possible. The fact that Cooke's presence as a party might augment the portion of the profits allocable to the Tankersley Construction Company, and that he is to be paid out of such profits, is indirect and remote and does not justify his intervention. 47 C. J. 105, note 84.

The rule is that, except where the presence of a party is necessary to a determination of the controversy, an order denying intervention on the part of even a proper party, who is not also a necessary party, will not be disturbed on appeal except where a clear abuse of discretion is shown. 47 C.J. 108; Gibson v. Ferrell, 77 Kan. 454, 94 P. 783.

Affirmed.

DAVISON, V.C.J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.