Wesley F. MAINORD, d/b/a Farm & Ranch Store, Appellee,

v.

Rick SHARP, Appellant.

No. 49920.

Court of Appeals of Oklahoma, Division 1.

July 12, 1977.

Released for Publication By Order of Court of Appeals Aug. 4, 1977.

Mattingly, Dawson & Conyers by Howard W. Conyers, Seminole, for appellee.

Terry G. Shipley, Cheryl Clayton, Noble, for appellant.

ROMANG, Judge.

In this case the Plaintiff-Appellee, Wesley F. Mainord d/b/a Farm and Ranch Store (Plaintiff) sued the Defendant-Appellant, Rick Sharp (Defendant), on an open account for labor and parts supplied the Defendant in repairing the Defendant's tractor. Alleging that the tractor was not repaired and that the Defendant had to have it repaired elsewhere, the Defendant filed a general denial and a counterclaim for lost profits resulting from Plaintiff's delay in attempting to repair the tractor.[1]

In a trial to the court sitting without a jury, the trial court entered judgment for the Plaintiff on its claim but made no mention of his ruling on the counterclaim. The Defendant appeals alleging (1) the action was not prosecuted by the real party in interest, (2) the evidence was insufficient to support the court's judgment for the Plaintiff, and (3) the court erred by not ruling on Defendant's counterclaim. Finding the action was not prosecuted by the real party in interest, we reverse and do not address the other claims on appeal.

Undisputed evidence showed that the Defendant took his tractor to the Farm and Ranch Store for repair. The Store was a trade name for Power Transmission and Equipment Company, a corporation. The corporation was owned by T. J. Plummer at the time the work was completed. Wesley Mainord purchased the corporate stock of the corporation after the alleged debt was incurred. The alleged debt was a part of the corporation's accounts receivable when Mr. Mainord purchased the stock of the corporation.

The Defendant learned of the corporation while the Plaintiff was putting on his evidence in chief. At the close of Plaintiff's evidence the Defendant moved for judgment against the Plaintiff and dismissal of the Plaintiff's action on the ground, *inter alia*, that the action was not prosecuted by the real party in interest. The court ruled that it is "probably . . . a one man operation and that would probably be enough to pierce the corporate veil and say he is the real party in interest."

■ Our statutes require that "[e]very action must be prosecuted in the name of the real party in interest . . . ." 12 O.S.1971, § 221. To challenge the plaintiff's standing as the real party in interest, the defendant should raise the issue by demurrer, if the defect appears on the face of the petition, or by answer, if the defendant has information at the time of the answer. *Gibbons v. Foster*, 296 P.2d 133 (Okl.1956). Where the defendant learns of the defect at trial he may raise it by motion at that time. *Ill. Oil Co. v. Block*, 129 Okl. 122, 263 P. 650 (1928). See also Fraser, Pleading: Raising the Issue of Real Party in Interest, 25 Okla. L.Rev. 577 (1972).

■ The "real party in interest" is the party legally entitled to the proceeds of a claim, *Aetna Cas. and Sur. Co. v. Associates Transports, Inc.*, 512 P.2d 137 (Okl.1973), or the party that has "the right to receive and control the fruits and benefits of the litigation." *Schoenfeld v. Blair*, 366 P.2d 414, 415 (Okl.1961). See also *Conley Drilling Co. v. Rogers*, 191 Okl. 667, 132 P.2d 959 (1943);

---

1. The Defendant also counterclaimed for the cost of repairs completed by a third party but abandoned this claim.

*Schmidt v. Nash*, 203 Okl. 21, 217 P.2d 830 (1950), and *C & C Tile Co. v. Indep. Sch. D. No. 7 of Tulsa Cty.*, 503 P.2d 554 (Okl.1972). These cases bring Oklahoma within the rule that "the real party in interest is he who by substantive law has the right of action." Clark, Code Pleading § 22 p. 160 (1947).

A shareholder in a corporation has no title or legal right to the assets of the corporation. *Cooke v. Tankersley*, 199 Okl. 634, 189 P.2d 417 (1948). The shareholder's property rights are limited to a proportionate share of the dividends, and assets on dissolution. *Cooke v. Tankersley*, supra. See also *Wilhelm v. Consolidated Oil Corp.*, 11 F.Supp. 444 (N.D.Okl.1935) aff'd 84 F.2d 739 (10th Cir. 1936). While the fiction of the corporate entity may be disregarded, the "veil is pierced" only where the corporate entity is used to defeat public interests by protecting fraud, defending crime, or perpetration of other wrong. *Gulf Oil Corp. v. State*, 360 P.2d 933 (Okl.1961); *Mid-Continent Life Ins. Co. v. Goforth*, 193 Okl. 314, 143 P.2d 154 (1943); *Selected Inv. Corp. v. Duncan*, 260 F.2d 918 (10th Cir. 1959) cert. den. 359 U.S. 914, 79 S.Ct. 584, 3 L.Ed.2d 576, and *Edgar v. Fred Jones Lincoln-Mercury of Okla. City, Inc.*, 524 F.2d 162 (10th Cir. 1975). None of these exceptions are here alleged.

The trial court was apparently impressed by the one-man nature of corporate ownership and felt the application of the rule would be overly technical and destructive of the ends of justice. We disagree. The privilege of doing business in corporate form is granted by statute. This privilege carries many benefits including the limits on personal liability to the stockholders investment. One cannot simultaneously claim the benefits of corporate form and escape the liabilities of that insulation. No claim is made that the legal title to the alleged debt is not in the corporation or

that the corporation is non-existent. As such it cannot be ignored. The real party in interest rule is designed to protect the defendant by insuring that the party with the legal right to sue brings the action. *Oklahoma Wildlife Federation, Inc. v. Nich*, 513 P.2d 310 (Okl.1972). This interest ends when a judgment involving the "nominal plaintiff" would protect the defendant from a subsequent identical action. *Oklahoma Wildlife Federation, Inc. v. Nich*, supra. But Plaintiff here is legally a stranger to the alleged debt. A judgment against the Plaintiff on the counterclaim would be invalid without some factual basis for disregarding the corporate entity.

Nor can we ignore the rules developed by equity permitting stockholders to sue on behalf of a corporation in limited circumstances. Cf. *Barnett v. Bodley*, 348 P.2d 502 (Okl.1960). To accept the position urged by the Plaintiff, and accepted by the trial court, would have the effect of eliminating the protecting rules concerning stockholders' derivative actions in cases like the present.[2]

We reverse and remand for dismissal of the petition and counterclaim.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.

---

2. The Plaintiff testified that he was sole owner of the corporation. It is not clear if this meant 100% control or that he owned all but qualifying shares. See 18 O.S.1971, § 1.10. Since it is not urged on appeal that this deficiency had the effect of extinguishing the corporate form we do not face the question whether the Power Transmission and Equipment Company is in reality a corporation. It is sufficient that it was so treated by all parties. To "pierce the veil" does not necessarily deny the total existence of the corporation but only does so for a limited purpose.