82 F.3d 425
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Angelo DICESARE, Plaintiff-Appellant,
v.
Larry D. STUART; Rene P. Henry, Jr.; The County of Osage
County, Oklahoma; Three Unknown County Commissioners;
Unknown Sheriff & Deputies of the Osage County Sheriff's
Department; Stanley Glanz, Sheriff of Tulsa County; Bill
O'dell, Deputy Sheriff of Tulsa County, Defendants-Appellees.
 Nos. 95-5036, 94-5195.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Joseph Angelo Dicesare appeals the district court's orders granting summary judgment in favor of all defendants on his claims brought pursuant to 42 U.S.C.1983. We affirm.
 
 
 3
 The facts of this case are set out in DiCesare v. Stuart, 12 F.3d 973 (10th Cir.1993), and need not be repeated here. In accordance with our remand, the district court examined each defendant's liability for the seizure and sale of certain horses. The court granted summary judgment in favor of all defendants for a variety of reasons. This appeal followed.
 
 
 4
 We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Pride v. Does, 997 F.2d 712, 716 (10th Cir.1993). Summary judgment is appropriate when "the pleadings ... [and] affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the record in the light most favorable to the party opposing the motion. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 5
 We conclude that appellant's failure to demonstrate standing determines this appeal. Standing is a jurisdictional issue which may be raised at any time. Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir.1993). Plaintiff, as a party invoking the court's jurisdiction, bears the burden of establishing the constitutional minimum of standing, including "injury in fact." Clajon Prod. Corp. v. Petera, 70 F.3d 1566, 1572 (10th Cir.1995). "At the summary judgment stage, the injury-in-fact element requires that the plaintiff set forth by affidavit or other evidence specific facts which for purposes of the summary judgment will be taken to be true." Id.
 
 
 6
 We agree with the district court that plaintiff failed to meet this burden, and that, therefore, summary judgment was appropriate. It is uncontroverted that the land upon which the horses were located did not belong to plaintiff, but to a suspended corporation named C.J.M. Investments, Inc. See R. Supp. I, exhibits to doc. 115. Defendants' exhibits showed also that the corporation owned the seized horses, that the horses had been pledged to secure a loan to the corporation, that the bank had foreclosed upon the security agreement, and that the bank had executed on the proceeds from the horse sale. See, e.g., R. I, doc. 116, exs. B, C, D, E, and F. Plaintiff's reliance on certain registration papers naming him the owner of thirteen horses did not create a factual dispute, as there was nothing to link these particular horses to the ones that were seized and sold.
 
 
 7
 Further, plaintiff's status as sole shareholder of C.J.M. Investments, Inc., did not give him standing to challenge the seizure of the corporation's assets. See Mainord v. Sharp, 569 P.2d 546, 548 (Okla.Ct.App.1977)(holding that sole owner of corporation was not the real party in interest and could not recover on debt owed to corporation, noting that "[a] shareholder ... has no title or legal right to the assets of the corporation .... [only] a proportionate share of the dividends, and assets on dissolution"). Nor did the suspension of C.J.M. Investments, Inc., for nonpayment of taxes, automatically dissolve the corporation and vest its assets in plaintiff. See Okla. Stat. Ann. tit. 18, 1098 (requiring payment of franchise taxes before corporation may be dissolved); see also id., 1100.2 (requiring payment of or adequate provision for a corporation's debts and liabilities before corporate assets may be distributed to shareholders). Plaintiff, therefore, did not meet his burden of raising a genuine issue as to ownership of the seized horses, and the district court correctly granted summary judgment based on his lack of standing.
 
 
 8
 The district court's other grounds for granting summary judgment were also correct. Reliance on Oklahoma's statutory scheme for selling the seized horses was objectively reasonable, entitling all parties to qualified immunity for participating in the sale. See Aacen v. San Juan County Sheriff's Dep't, 944 F.2d 691, 701 (10th Cir.1991). Plaintiff's evidence failed to affirmatively link defendants Stuart, Henry, and Glanz with the seizure of the horses, and failed to show that Stuart or Glanz participated in the later sale. Finally, defendants Henry and O'Dell acted reasonably in carrying out their duties, and were entitled to qualified immunity.
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470