2000 OK CIV APP 68

**JADCO MANAGEMENT CORPORATION, a Delaware corporation, and John R. Armstrong, Plaintiffs/Appellants,**

v.

**FEDERAL INSURANCE COMPANY, Defendant/Appellee,**

and

**Chubb & Son, Inc., d/b/a Chubb Group of Insurance Companies, Consolidated Insurance Agency, Inc., and Bill Wilson, Defendants.**

No. 91,275.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 4, 2000.

Rehearing Denied March 3, 2000.

Certiorari Denied May 16, 2000.

C. Rabon Martin, Tulsa, Oklahoma, for Appellants.

Roger R. Williams, Donald B. Bolt, III, Tulsa, Oklahoma, for Appellee.

## *OPINION*

GARRETT, Judge:

¶ 1 Appellee, Federal Insurance Company (Federal), insured Jadco Purchasing Corporation (Purchasing) and Jadco Development (Development), a related company, against loss of crude petroleum due to theft. Purchasing filed an insurance claim with Federal, claiming large quantities of crude petroleum had been stolen from its facility in Tussey, Oklahoma. Federal denied the claim.

¶ 2 Appellant, John R. Armstrong, sole shareholder, director and officer of the Jadco companies, and Purchasing sued Federal and the other defendants[1] under a theory of Federal's failure to deal fairly and in good faith on its insurance claim. Federal moved to dismiss Purchasing because its corporate charter had been suspended, due to its failure to pay its Oklahoma Franchise Tax, pursuant to 68 O.S.1991 1212(c). Federal moved to dismiss Armstrong on the grounds he is not the real party in interest because he is not a named insured. Purchasing moved to substitute Jadco Management Corporation (Management) as party plaintiff, stating that on January 1, 1992, Purchasing transferred all of its assets to Management. The trial court granted Federal's motions to dismiss.

Management and Armstrong filed a motion for new trial, which the trial court denied. This appeal followed. On June 15, 1999, the Supreme Court dismissed Management's appeal, and ordered the remainder, if any, of the appeal to proceed.

¶ 3 The only issue in this appeal is whether Armstrong has stated a claim against Federal for breach of the duty to deal fairly and in good faith with its insured, which resulted in Armstrong's suffering emotional distress. He contends the failure of Federal to deal fairly with regard to the insurance claim damaged the value of his stock in the related corporations, causing him to suffer severe emotional distress. He also argues the only real issue is foreseeability and contends "it is easily and clearly foreseeable that, where a corporation has but one stockholder, officer and director, a breach of the duty to deal fairly and in good faith with regard to the corporation's claim is likely to cause emotional distress to that individual."

¶ 4 Acknowledging that "under traditional approaches, one who has suffered damage from tortious breach of a duty arising from contract, must be in contractual privity with the tort-feasor to maintain an action", Armstrong requests this Court to make new law in Oklahoma, "recognizing that a person who has foreseeably suffered injury as the result of the commission of a tort would have a right to recover damages, traditional notions of privity aside." He contends that although the duty of good faith and fair dealing with regard to insurance contracts arises from a covenant implied by law, all persons are subject to a general duty to abstain from injuring the property of another, under 76 O.S. 1991 1.[2] He also contends that pursuant to *Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, 653 P.2d 907, 911, the duty to deal fairly and in good faith is owed by the insurer to both the insured *and third parties*. [Emphasis supplied.]

¶ 5 In response, Federal contends this case is controlled by *Wittenberg v. Fidelity Bank,*

---

1. The other defendants were dismissed as parties by the trial court and are not part of this appeal.

2. § 1. Rights of others must be respected

Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights.

*N.A.*, 1992 OK 165, 844 P.2d 155. In *Wittenberg,* the Supreme Court held the majority stockholders of two banks were not the real parties in interest and did not state a claim for which they could be granted relief. The Court held that the parties entitled to the benefits of the litigation were the banks themselves, not the stockholders of the banks. The Court said:

> The facts reveal that any wrong done was one suffered by the Bank of Inola and the Bank of Commerce Choteau ... [A]ny loss to the appellants was the result of the loss to the bank. "Generally, stockholders cannot maintain or defend an action to redress wrongs done to a corporation as a corporation is a legal entity, separate and distinct from its stockholders." *Barnett v. Bodley,* 348 P.2d 502, 505 (Okla.1959). The appellants have the further disability of being former stockholders and yet claim that they are entitled to damages for a loss in the value of their stock because of a wrongful act against a corporation in which they were stockholders.

¶ 6 The *Wittenberg* Court, at page 158, quoted approvingly from *Mainord v. Sharp,* 1977 OK CIV APP 29, 569 P.2d 546, 548, in which the prosecuting party was still a stockholder:

> The privilege of doing business in corporate form is granted by statute. This privilege carries many benefits including the limits on personal liability to the stockholders investment. One cannot simultaneously claim the benefits of corporate form and escape the liabilities of that insulation. No claim is made that the legal title to the alleged debt is not in the corporation or that the corporation is non_existent. As such it cannot be ignored. The real party in interest rule is designed to protect the defendant by insuring that the party with the legal right to sue brings the action. *Oklahoma Wildlife Federation, Inc. v. Nigh,* 513 P.2d 310 (Okl.1972).
>
> *Mainord v. Sharp,* 569 P.2d 546, 548 (Okla. App.1977). ***The appellants cannot under these facts circumvent the rule by pleading tort law.*** [Emphasis supplied.]

¶ 7 In reviewing an order sustaining a motion to dismiss, this Court examines the issues *de novo. Miller v. Miller,* 1998 OK 24, 956 P.2d 887. A motion to dismiss for failure to state a claim upon which relief can be granted will not be sustained unless it appears without doubt the plaintiff can prove no set of facts in support of the claim for relief. *Id.,* at 894. If relief is possible under any set of facts which can be established and are consistent with the allegations, a motion to dismiss should be denied. *Miller v. Miller,* supra, citing *Lockhart v. Loosen,* 1997 OK 103, 943 P.2d 1074; *Indiana National Bank v. State Department of Human Services,* 1994 OK 98, 880 P.2d 371.

¶ 8 In the instant case, Armstrong allegedly suffered a loss because of the loss to the corporations in which he held the stock. He was not Federal's insured or a party whom Federal intended to protect when the coverage went into effect. Armstrong's entire relationship with Federal arises only because of the insurance policy between various Jadco corporations and Federal. Federal, therefore, has no direct liability to Armstrong, and the implied covenant to deal fairly and in good faith cannot be extended to him because he pleads an action in tort. The "third parties" in *Timmons,* supra, referred to injured passengers of Timmons' airplane who might have claims against Timmons, the insured. They were not majority stockholders of corporations set up to avoid personal liability. Moreover, the *Timmons* Court stated Timmons' liability to the third parties had been discharged by the insurance company. "Here we consider the liability of the insurer to the insured party for failure to deal fairly and act in good faith with ***its insured.***" [Emphasis supplied.] *Timmons,* 653 P.2d at 911.

¶ 9 The trial court correctly held Federal's motion to dismiss should be sustained. Accordingly, the trial court properly denied Armstrong's motion for new trial. We decline Armstrong's invitation to make new law in Oklahoma. To do so would not, in our opinion, constitute sound public policy.

¶ 10 AFFIRMED.

¶ 11 JONES, P.J., dissents.

¶ 12 BUETTNER, J., concurs.

JONES, P.J., dissents:

¶1 As I read *Timmons*, lack of privity is no longer a bar to this action, as *Timmons* specifically speaks to third parties.